## MURPHY v. MITCHELL.

### (District Court, N. D. New York. October 16, 1917.)

1. PLEADING ⬤⟿369(1)—ELECTION BETWEEN CAUSES OF ACTION.
   When the complaint contains appropriate allegations upon which a claim for equitable relief may be based, and which would seemingly also justify a recovery of damages as in an action at law, plaintiff should be required to elect on which ground he will proceed, or to so plead that there may be no mistake in this regard on the part of defendant or the court, in view of the distinction in the federal courts between actions at law and in equity, and the different manner of testing the sufficiency of the pleading.

2. DAMAGES ⬤⟿141—PLEADING—SUFFICIENCY.
   It is unnecessary for a pleading to show in so many words that plaintiff has sustained damages, if he alleges facts showing that he has sustained damages and demands judgment based thereon for a sum named.

3. ACTION ⬤⟿25(2)—NATURE OF ACTION—LEGAL OR EQUITABLE.
   A complaint alleged that the estate of S. was in excess of $1,000,000, that by a valid will and codicil plaintiff and her sister were made residuary legatees, and would have been entitled to as much as $800,000, that defendant made verbal representations and statements, fully set out, inducing the testator to change his will, or make a new one, when he was incompetent, that probate of this will was secured by fraud and deceit, and that by fraud and deceit plaintiff was induced to accept a small legacy given under this last alleged will. *Held*, that the suit could not be treated as one in equity to set aside the proof and probate of the last-mentioned will for fraud and deceit, but was apparently an action at law for damages for the fraud and deceit.

4. PLEADING ⬤⟿367(4)—MAKING DEFINITE AND CERTAIN—ACTIONS FOR FRAUD.
   Assuming that the action was one at law for deceit, allegations of false representations by others than defendant, not speaking for or representing him, or not made by his authority or procurement, were irrelevant, and the complaint should be made definite and certain as to what representations were made by defendant and what representations by others, and whether the representations by others were by his authority and procurement.

At Law. Action by Mary E. Murphy against John Clark Mitchell. On application to require plaintiff to make her complaint more definite and certain. Application granted to the extent stated in the opinion.

Application on order to show cause for an order directing the plaintiff to replead and make her complaint more definite and certain, by stating clearly

---

⬤⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and definitely, or so pleading as to show definitely and certainly whether this is an action at law or one in equity, and whether plaintiff demands or intends to demand relief in equity on the ground defendant has obtained money which equitably belongs to and should be paid to the plaintiff as assets of the estate of one Dennis Sullivan now deceased, or claims damages for money had and received and to which plaintiff is entitled, and also requiring plaintiff to elect whether she will proceed upon the present complaint as one to recover damages as in an action at law or as one for relief in equity, and also to elect whether she relies upon a cause of action in tort or one on contract, or one for damages based on the fraudulent representations set out in the complaint, or upon a cause of action for slander by reason of the alleged false representations set out in the complaint, and also that the complaint be made more definite and certain by stating what false statements and representations were made by the defendant, and what false statements and representations were made by others.

Edgar T. Brackett, of Saratoga Springs, N. Y., for plaintiff.
Rushmore, Bisbee & Stern, of New York City, for defendant.

RAY, District Judge (after stating the facts as above). The plaintiff in her brief filed on this motion by her attorney says:

"The action is one at law to recover for deceit. The complaint alleges, among other things, false representations made to the plaintiff, through and by means of which she was induced to sign waivers and a receipt in full for her interest in the estate. The things necessary to be pleaded in an action for deceit are: (1) Representations. (2) Falsity. (3) Scienter on the part of the defendant. (4) Reliance. (5) Damage.

"Under all the cases, a complaint that sets out these several facts sets out a good cause of action. Brackett v. Griswold, 112 N. Y. 454–467. A cloud of cases could be cited to the proposition. The prayer for relief is a prayer for damages only—no equitable relief being asked. While the language of the prayer does not, of necessity, characterize the complaint as either legal or equitable, it is a persuasive factor in determining the question. There was no occasion for the motion of the defendant. The complaint speaks clearly and truly what the plaintiff wishes. The motion should be denied.

"Saratoga Springs, N. Y., September 26, 1917.
                                        "Edgar T. Brackett, Attorney for the Plaintiff.
"City Hall, Saratoga Springs, N. Y."

[1] This, is seems to me, should be regarded by the court as an election by plaintiff to regard this action and have it treated by the court as an action at law to recover damages for deceit, and not as an action in equity or one seeking equitable relief. It is informal, and perhaps not binding in subsequent proceedings, and I think the plaintiff should file a formal election to the effect stated in the plaintiff's brief. This will set that matter at rest, and enable the defendant to test the sufficiency of the complaint as one in an action at law. The propriety of and necessity for requiring such an election, when the pleading is at all equivocal in this regard, is plain, inasmuch as in the United States courts the distinction between actions at law and in equity is maintained, and the practice in the two classes of cases differ. In actions in equity the sufficiency of the pleading must be tested by motion, while in actions at law, following the New York Code practice, the sufficiency of the pleading is tested by a demurrer. Therefore, when the complaint contains appropriate allegations upon which a claim for equitable relief may be based, and which would seemingly also justify a recovery of damages as in an action at law, the plaintiff should be required to

elect on which ground he will proceed, or be required to so plead that there may be no mistake in this regard on the part of the defendant or of the court.

[2-4] The defendant has the right to test the sufficiency of the complaint before trial, and, if he demurs, assuming the complaint to be one stating a cause of action at law, he should not be defeated on the ground the action is sufficient in equity, and that the action may be construed to be one in equity. The construction this court would place on this complaint is that it states a cause of action at law for fraud and deceit, but under all the allegations this is not necessarily correct. No equitable relief is in terms demanded, but it would be easy to assert that this is immaterial, if the allegations of fact in the complaint are sufficient to justify the granting of equitable relief. Plaintiff pleads facts which show that the estate of Sullivan was in excess of $1,000,-000; that by a valid will and codicil thereto the plaintiff and her sister, Hannah E. Glenn, were made residuary legatees; and that as such, under such will and codicil, the plaintiff and her said sister would have been entitled to and would have received as much as $800,000—the plaintiff as much as $400,000 or over. Then follow allegations that defendant made fraudulent representations and statements, fully set out, which induced the testator to change his will, or make a new one, when in fact incompetent; that proof and probate of this second will was secured by fraud and deceit; and that by fraud and deceit the plaintiff was induced to accept a small legacy given under this last alleged will. The facts pleaded, if actionable at law, sufficiently show damages in excess of $400,000. It is unnecessary to say in a pleading in so many words that the plaintiff has sustained damages, if he alleges facts showing that he has sustained damages and he demands judgment based thereon for a sum named.

This cannot, it seems to me, be regarded or treated as a suit in equity to set aside the proof and probate of the last-mentioned will on the ground of fraud and deceit. Must not such a proceeding be had in the court of probate jurisdiction and where the will was probated? All interested parties would have to be before the court. In an action at law to recover damages for deceit practiced on the testator and resulting in damages to a legatee, the gist is fraud and deceit. In a proceeding to set aside the probate of a will and have it adjudged invalid on the ground of fraud and misrepresentations practiced on the testator, false and fraudulent statements, if pertinent, made by any one, might be competent; while in an action at law to recover damages for fraud and deceit, resulting in damages, is it not necessary that the false and fraudulent representations relied on should have been made by the defendant in the suit or by his procurement? If this be so, then, assuming this to be an action at law for deceit, as plaintiff on this hearing asserts it to be, allegations of false representations made by others, not speaking for or representing the defendant, or not made by his authority or procurement, are irrelevant, and should not be in the pleading. Therefore I think this complaint should be made definite and certain as to who made the representations set out in the complaint. The pleading should state what representations were made by the de-

fendant, and what were made by others, and, when made by others, whether they were made by authority and procurement of the defendant or otherwise.

There will be an order accordingly.