*246
 
 By the Court
 

 (Kinkade, J.).
 

 The parties will be referred to as they stood in the trial court.
 

 The defendants, William C. Morton and others, filed a demurrer to the petition, based on two grounds: First, that the petition did not state a cause of action; and second, that the cause of action therein attempted to be stated was barred by the statute of limitations. The trial court sustained the demurrer on the first ground. The second ground was not urged, and is not now relied upon here. Plaintiff, Morton Petitt, not desiring to plead further, judgment was entered against him in the trial court. Error was prosecuted by plaintiff to the Court of Appeals (38 Ohio App., 348, 176 N. E., 497) which court reversed the judgment of the trial court and remanded the cause for trial. The defendants prosecute error to this court.
 

 There has as yet been no trial of the case on its merits on evidence. What the actual facts are cannot be foretold in advance of such trial. The demurrer admits the truth of all the facts well pleaded as they are set forth in the petition. This presents for consideration the sole legal question whether these facts constitute a cause of action against the defendants.
 

 The testator did everything he could possibly do to insure the transfer of about one-third of his estate to his grandnephew upon the death of the testator. If the facts stated in the petition are true, then the testator died leaving that, his last will and testament, in full force and effect; that will was wrongfully and deliberately destroyed and suppressed, and another will was fabricated and forged to take its place, and was probated by the aid of perjured
 
 *247
 
 testimony. How could anything possibly present less of right and more of wrong than this? The malicious destruction and suppression of the valid will was a crime under the statute, as was also the forging and probating of the spurious will.
 

 To claim that any rights can arise out of such combined wrongs, in favor of the wrongdoers, is the equivalent of saying that a good title to property can be secured by larceny, robbery, fraud, or by any form of duress. In short, it is to state an absurdity that has no legal abiding place known to the law.
 

 The following authorities sustain this position:
 
 Seeds
 
 v.
 
 Seeds,
 
 116 Ohio St., 144, 156 N. E., 193, 52 A. L. R., 761;
 
 Dulin
 
 v.
 
 Bailey,
 
 172 N. C., 608, 90 S. E., 689, L. R. A., 1917B, 556;
 
 Lewis
 
 v.
 
 Corbin,
 
 195 Mass., 520, 81 N. E., 248, 122 Am. St. Rep., 261;
 
 Murphy
 
 v.
 
 Mitchell,
 
 (D. C.), 245 F., 219.
 

 However, no citation of authorities is necessary to sustain an entirely self-evident right, or to truly characterize an entirely self-evident wrong. Forgery and perjury are not terms of uncertain meaning. They describe the very essence of wrong; conduct that has always been and always will be wrong, according to the common judgment of mankind; conduct that cannot be dressed up or manipulated or associated so as to invest it with any element of right.
 

 We are by no manner of means attempting to say what the actual facts are. The plaintiff may fail utterly in his attempt to prove the facts he alleges in his petition to be true. We are only saying that he has the right to submit his evidence to a jury in his effort to establish the truth of those alleged facts.
 

 
 *248
 
 The judgment of the Court of Appeals must be affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Allen and Robinson, JJ., concur.