Zimmerman, J.
It is apparent that a bitter controversy exists between a mother and her daughter respecting assets which rightfully belong to the estate of the deceased husband and father. The mother contends that all assets properly attributable to the estate were included in the inventory and the daughter asserts the contrary. Claims respecting the matter were *282 lodged not only in the Probate Court but were carried to the Court of Common Pleas by way of an action instituted by the daughter for a declaratory judgment.
Besides, the mother, by her own admission, deliberately destroyed the will of her husband shortly after his death, and in her signed and verified application for appointment as administratrix stated that to her knowledge there was no “last will and testament of said intestate.” What provisions such destroyed will may have contained are not disclosed by the record.
The law looks upon the intentional concealment, suppression or destruction of a will as a very serious ofr fense.
Section 10504-14, General Code, provides:
“No property or right, testate or intestate, shall pass to a beneficiary named in a will, knowing for three years of its existence and having it in his power to control it, who, without reasonable cause, intentionally conceals or withholds it or neglects or refuses within that time to cause it to be offered for or admitted to probate. By such neglect, the estate devised to such devisee shall descend to the heirs of the testator, not including any heir who has concealed or withheld the will as aforesaid.”
Section 12451, General Code, reads:
“Whoever, during the life of a testator, or after his death, steals a will, codicil, or other testamentary instrument, or, for a fraudulent purpose, destroys or secretes it, shall be imprisoned in the penitentiary not less than one year nor more than ten years.”
This court has recognized and declared that the malicious destruction of a valid will constitutes a crime under the statute last quoted. See Morton v. Petitt, 124 Ohio St., 241, 247, 177 N. E., 591, 592.
Conceding that the removal of fiduciaries rests largely in the sound discretion of the Probate Court and that appellate courts should be slow to interfere *283 with the actions of the Probate Court in such matters, the members of this court are unanimously of the opinion that the Probate Court erred to the prejudice of Hilda Ober Ritchie and abused its discretion in dismissing and not granting her application to remove Rena M. Ober as administratrix. Not only are Rena M. Ober and Hilda Ober Ritchie at serious odds, but, upon the hearing on the application, facts were developed which disqualify Rena M. Ober as a proper fiduciary and raise grave doubts as to her capacity to administer the estate in an impartial and unbiased manner. See Sections 10501-53, 10506-53 and 10509-19, General Code.
Since the Court of Appeals erred in affirming the judgment of the Probate Court, the judgment of the Court of Appeals is reversed and the cause is remanded to the Probate Court with instructions to remove Rena M. Ober as administratrix of the estate of Charles L. Ober, deceased.

Judgment reversed.

Weygandt, C. J., Stewart, Middleton, Taet, Matthias and Hart, JJ., concur.