Hart, J.
The appellants, the administrator and the surviving spouse, first contend that Sections 8000 and 10512-3, General Code (Sections 3103.06 and 2131.03, Revised Code), when considered together, do not prevent Martha Burlovic, as surviving spouse, from avoiding or disafSrming, on the sole ground of infancy, the separation agreement.
Section 8000, General Code, provides as follows:
“A husband and wife can not by any contract with each other alter their legal relations, except that they may agree to an immediate separation, and make provisions for the support of either of them and their children during the separation.”
Section 10512-3, General Code, provides:
“Any antenuptial or separation agreement to which the decedent was a party shall be deemed valid unless action to set it aside is begun within six months after the appointment of the executor or administrator of the estate of such decedent, or unless within such period of time the validity of such agreement is otherwise attacked.”
The defendants claim further that Section 8023, General Code (Section 3109.01, Revised Code), providing that “all persons of the age of twenty-one years and upward, who are under no legal disability, shall be capable of contracting * * * and, to all intents and purposes be of full age,” is in effect a codification of the fundamental rule that the contracts of a minor are voidable subject to certain specific exceptions which have been created by express statutory enactment where public policy so demands. Among such specific exceptions may be noted Section 8023-1, General Code (Section 3109.2, Revised Code), allowing the purchasing and mortgaging of a home by a minor spouse who is a war veteran; and Section 11181, General Code (Section 3101.1, Revised Code), allowing females between the ages of 16 and 21 years and males between *50 the ages of 18 and 21 years to enter into marriage contracts with the consent of their parents. It is claimed that in such excepted cases the public welfare is served in the interest of family life as opposed to the effect of a separation contract.
As closely related to the above contention, the defendants claim also that Section 10512-3, General Code, above quoted, placing a limitation upon the rescission of a separation agreement does not apply to such an agreement which is void or voidable for reasons other than the minority of the parties, and that other reasons made the separation agreement of Martha Burlovic voidable and rescindable notwithstanding the limitation of the statute. They claim that they did not have an opportunity to show such voidability and rescind-ability for reasons other than minority because of the allowance of the motion for judgment in her favor.
The Court of Appeals took the position that although, under the provisions of Sections 8000 and 10512-3, General Code, a separation agreement between husband and wife is not voidable solely on the ground of the infancy of either party thereto, yet Section 10512-3, General Code, prescribes a period of time after the death of a party thereto within which the surviving spouse must assert the invalidity of a separation agreement and that an action for disaffirmance or rescission by such surviving spouse must be commenced within the period of time prescribed by this statute, or be forever barred. This court is in accord with this view.
In the first place, under the clear terms of the statute the scope of the personnel of those who may embrace its privileges and who likewise are subject to its limitations is without limitation or exception. It provides that "any antenuptial or separation agreement * * * shall be deemed valid unless action to set it aside is begun within six months * * * or unless within *51 such period of time the validity of such agreement is otherwise attacked.”
Defendants do not make any claim that an infant wife may not lawfully enter into a separation agreement or that separation agreements are not subject to legislative and judicial sanction. Their sole contention is that the limitation of Section 10512-3, General Code, does not apply where a party to such agreement is under 21 years of age. No legislative authority or judicial precedent is cited in support of this contention.
The very legislative setting of the statute in question negatives the idea that the limitation therein contained does not have universal application. Section 10512-3, General Code, is a part of the title which comprehends a separate and complete body of administrative law applicable to the settlement of decedents’ estates. The title contains its own separate statutory periods of limitations and saving clauses for persons under disability.
Section 10512-2, General Code, provides:
“The term ‘legal disability’ as used in this act shall include the following: (a) persons under the age of twenty-one years; (b) persons of unsound mind; (c) persons in captivity; (d) persons under guardianship of the person and estate or either.”
The General Assembly, in enacting the Probate Code and in making exceptions therein for persons under disability, -did so in clear, specific and unambiguous language thereby negativing any suggestion of exceptions by implication. Such express specific exceptions and provisions may be found in Sections 10501-21 and 10501-24, General Code, relating to service of summons; in Section 10504-32, General Code, relating to will contests ;• in Sections 10504-55 to 10504-65, General Code, relating to right of election of a surviving spouse; in Section 10502-2, General Code, relating to *52 dower right of a minor as a grantee of land; in Section 10503-16, General Code, relating to inheritance of a posthumous child; in Section 10504-49, General Code, relating to inheritance by after-born or pretermitted heirs; and in Section 10507-4, General Code, relating to notice concerning appointment of guardians and certain proceedings in the guardianship.
Section 10512-3, General Code, with its limitation, in line with other cognate sections of the Probate Code, was clearly enacted as a matter of necessity to facilitate the prompt settlment of estates and conformance to the time schedule provided therefor.
Furthermore, statutes of limitation, in line with the limitation contained in Section 10512-3, General Code, generally apply to and constitute a bar against all persons indifferently without regard to disabilities, unless such operation is excepted by an express saving clause. Favorite v. Booher’s Admr., 17 Ohio St., 548. And this is true whether the contractual right or obligation involved is void or voidable. For instance, where a forged will is admitted to probate, its validity can not be questioned by an action to contest after the expiration of the statutory period within which an action to contest it may be instituted, although other remedies may be available. See Seeds v. Seeds, 116 Ohio St., 144, 150, 156 N. E., 193, 52 A. L. R., 761, and Petitt v. Morton, 38 Ohio App., 348, 176 N. E., 494, affirmed 124 Ohio St., 241, 177 N. E., 591.
In the case of Favorite v. Booher’s Admr., supra, this court held that the four-year limitation, prescribed in the statute relating to the settlement of estates, within which suits are to be commenced against executors or administrators, applies to an action instituted on a guardian’s bond; and that the disability of infancy does not save the plaintiff from the operation of the statute. In the course of the opinion in that case, Judge White said:
*53 “Our statute for the settlement of estates was taken, principally, from the statute of Massachusetts on the same subject, and is founded upon a similar policy.
“The section in question is a transcript of one of the sections of the Massachusetts statute, and is as follows:
“ ‘No executor or administrator, after having given notice of his appointment, as provided in the eighty-first section of this act, shall be held to answer to the suit of any creditor of the deceased, unless it be commenced within four years from the time of his giving bond as aforesaid, excepting,’ etc.
“In this section the term ‘creditor’ is used in a generic sense, and includes all persons having rights in action against the decedent. The section is founded on reasons of public policy; and its object is to promote the early and final settlement of estates, and to enable distribution to be made of the residuum among those •entitled, freed from charges and incumbrances.
“Prior to our adoption of this statute it had received a construction in Massachusetts, by which it was held to include this class of liabilities; and this construction has ever since been adhered to in that state. Hall v. Bumstead [37 Mass.], 20 Pick., 2; Holden v. Fletcher [60 Mass.], 6 Cush., 235; Phillips v. Rogers [53 Mass.], 12 Metc., 405.
“It is reasonable to suppose that the Legislature, in •adopting this provision, did so in view of the construction which had been put upon it, and with the intention that it should receive the same construction here. This construction being warranted by the'language as well as required by the policy of the statute, ought, we think, to be adopted by us. Angelí on Lim., Section 170.
“Nor will the fact that the creditor is under the disability of infancy save him from the operation of the bar which the statute interposes.
*54 “The general rule in regard to the application of statutes of limitation is, that all persons, whether under disability or not, are barred by them, unless excepted from their operation by a saving clause. General words of a statute are to receive a general construction, and unless there is found in the statute itself some ground for restraining it, it cannot be restrained. Angelí on Lim., Section 194.”
There is no claim made in the instant case nor does the record support one that any fraud in the execution of the separation agreement as distinguished from fraud in its inducement was practiced upon the surviving spouse. The rule is that such an agreement even though there may be fraud in its inducement may not be set aside unless an action for that purpose is brought within the required statutory period. Juhasz v. Juhasz, 134 Ohio St., 257, 16 N. E. (2d), 328, 117 A. L. R., 993.
The defendants claim also that the plaintiffs are barred from maintaining this action because of laches in not sooner attacking the allowance made to the surviving spouse by the appraisers and the approval of the same by the Probate Court, and because of prior adjudication by that court.
In the fourth defense of the answer of each of the defendants it is alleged that the Common Pleas Court in the instant case had no jurisdiction over the subject matter for the reason that the Probate Court had obtained jurisdiction prior to the filing of plaintiffs’ petition, and that the inventory and appraisal in which the appraisers set off the sum of $500 to Martha Burlovie as an exemption and $750 as a year’s allowance was approved by the Probate Court without exceptions or objections filed on behalf of the plaintiffs herein.
The prayer of the petition in the instant case is that Martha Burlovic be barred from claiming any right as surviving spouse of her decedent husband, and that *55 the administrator be restrained from paying any moneys over to said Martha Burlovie. The Court of Appeals issued a restraining order and injunction in personam in reversing the judgment of the Common Pleas Court and entering final judgment. It ordered that “the defendant-appellee, M. S. Farmer, administrator of the estate of Joseph T. Burlovie, deceased, be and he hereby is perpetually enjoined from distributing or paying over to the defendant-appellee, Martha Burlovie, any of the assets of said estate and he is hereby ordered to administer said estate in accordance with the within journal entry; and that the defendant-appellee, Martha Burlovie, be and she hereby is permanently restrained from asserting any rights as surviving spouse or otherwise in connection with said estate.”
The record shows that both defendants knew of the existence of the separation agreement and did not disclose it to the Probate Court. On the other hand, no action was taken to set aside the separation agreement within the six-month period. In the maintenance of the instant action there was no interference with the jurisdiction or judgment of the Probate Court. See Heck v. Heck, 6 Ohio Dec. Rep., 604, affirmed 34 Ohio St., 369; Kane v. Kane, 146 Ohio St., 686, 691, 67 N. E. (2d), 783; and Radaszewski v. Keating, Exrx., 141 Ohio St., 489, 49 N. E. (2d), 167.
Under the circumstances, the plaintiffs are not barred by laches or by the judgment of the Probate Court. In view of the statute, all defenses to this action are barred. The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Middleton, Zimmerman and Stewart, JJ., concur.