OPINION
{¶ 1} Appellant submits this pro se appeal to challenge the validity of his father's will almost five years after the will was admitted to probate in the Carroll County Court of Common Pleas, Probate Division. Appellant has submitted a number of hand-written documents on appeal, none of which present any recognizable assignments of error. Appellant appears to argue that he expected to inherit a certain amount of real estate from his father's estate, and he now claims that the will is a forgery because it does not bequeath the property to him. He also contends that he had no notice of the forgery until shortly before he filed his complaint. The probate court dismissed the complaint because it was filed long after the four-month statutory time limit for challenging a will pursuant to former R.C. § 2107.76. The record contains Appellant's signed waiver of notice of probate of will, which itself notified Appellant that there was a will being admitted to probate. R.C. §§ 2107.76 and 2107.19(A) bar Appellant from challenging the will either directly or through a separate civil proceeding because he had timely notice of the existence of the will in October of 2000 and he failed to contest the will at that time. The trial court was correct in dismissing the complaint, and the judgment is affirmed.
 HISTORY OF THE CASE {¶ 2} This case involves the will of Clair E. Cline, who died on May 10, 2000, and who was Appellant's father. On June 6, 1997, the decedent executed a one-page form will that left his entire estate to his wife, Ellen Cline, Appellant's stepmother. Ellen Cline was also named in the will as executrix of the estate. The will was admitted to probate on October 3, 2000. *Page 2 
 {¶ 3} The probate record indicates that the decedent had two other surviving children in addition to Appellant; Robert Cline and Anthony Leek.
 {¶ 4} At the time of the decedent's death, and during the entire lower court proceedings, Appellant was incarcerated at St. Mary's Correctional Center in St. Mary's, West Virginia.
 {¶ 5} The probate records show that the decedent owned a number of motor vehicles, along with 12.351 acres of land in Carroll County, Ohio. The total value of the estate was considerably less than $100,000.
 {¶ 6} On October 3, 2000, all three sons signed waivers of notice of probate of will, and these notices are part of the record. Appellant does not contend that these documents are forged or altered in any way.
 {¶ 7} Also on October 3, 2000, Ellen Cline filed an application to relieve the estate from administration. Appellant and his brothers signed waivers of notice of application to relieve estate from administration, which are also in the record. The probate court relieved the estate from administration that same day. The final report of distribution was filed on May 2, 2002.
 {¶ 8} On May 4, 2005, Appellant filed a complaint with the probate court that challenged the validity of the will. Appellant requested that the May 2, 2002, journal entry be set aside, and he requested the court to award him the 12.351 acres of land that had been in his father's estate. Appellant asserted that the decedent's signature on the will was forged. *Page 3 
 {¶ 9} The action was dismissed on May 13, 2005, as being barred by R.C. §§ 2107.76 and 2107.19. Appellant filed this timely appeal on June 2, 2005.
 ASSIGNMENT OF ERROR {¶ 10} There is no recognizable assignment of error in this appeal.
 ARGUMENT {¶ 11} Appellant contends that the signature on the will is forged, and that he cooperated with the probate proceedings because he believed that Appellee would give him the 12.351-acre property after it was transferred to her. Appellant submits that Appellee committed fraud in not transferring the property to him, and that he only discovered the fraud a short time before he filed his complaint. Appellant apparently believes that he will receive some or all of the 12.351-acre property if his father's will is determined to be a forgery and if his father is determined to have died intestate.
 {¶ 12} Appellee, on the other hand, contends that R.C. §§ 2107.76 and2107.19 bar Appellant from obtaining the relief that he seeks. Appellee is correct. R.C. § 2107.19 explains the procedure for notifying certain persons that a will has been admitted to probate, and sets forth the procedure for waiving the right to receive notice of probate proceedings. The fiduciary of the estate is required to give notice to, "the surviving spouse of the testator, to all persons who would be entitled to inherit from the testator under Chapter 2105. of the Revised Code if he had died intestate, and to all legatees and devisees named in the will." R.C. § 2107.19(A)(1). Those persons may waive the right to notice by signing a waiver that is then filed with the court. The fiduciary representing the decedent's estate is not required to provide a *Page 4 
copy of the will to those persons, but the notice or the waiver form explains that the will has been admitted to probate. R.C. §2107.19(A)(2).
 {¶ 13} Appellant signed a "Waiver of Notice of Probate of Will", which was filed on October 3, 2000. This waivers states:
 {¶ 14} "The undersigned, being persons entitled to notice to the probate of this will, waive such notice[.] Any action to contest the validity of this will must be filed no more than four months after the certificate is filed evidencing these waivers and any notices given by the fiduciary."
 {¶ 15} Appellee and the trial court are correct that the waiver of notice signed by Appellant bars his complaint pursuant to the former version of R.C. § 2107.76 applicable to this appeal, which states:
 {¶ 16} "No person who has received or waived the right to receive the notice of the admission of a will to probate required by section 2107.19
of the Revised Code may commence an action permitted by section 2107.71
of the Revised Code to contest the validity of the will more than four months after the filing of the certificate described in division (A)(3) of section 2107.19 of the Revised Code certifying the giving of that notice to or the waiver of that notice by that person. No other person may commence an action permitted by section 2107.71 of the Revised Code to contest the validity of the will more than four months after the initial filing of a certificate described in division (A)(3) of section2107.19 of the Revised Code. * * *"
 {¶ 17} The current version of this statute is very similar, except that it allows only three months to contest the validity of a will. *Page 5 
 {¶ 18} Appellant contends that the current version of R.C. § 2107.76
does not apply to his father's estate, but he does not appear to understand that there is a previous version of the statute that was in effect on the date of his father's death. The prior statute is applicable, Appellant signed a waiver of notice, it is in the record, and it bars him from challenging the validity of the will almost five years after his father died.
 {¶ 19} With some difficulty, Appellant also tries to color his claim as a fraud claim in order to take advantage of a longer statute of limitations. The statute of limitations for fraud is four years. See R.C. § 2305.09. Appellant cites a number of cases (mostly from foreign jurisdictions) that discuss the fraudulent concealment of forged wills, but it is not clear how these citations are relevant to his appeal. Appellant seems to rely heavily on the Ohio Supreme Court case ofSeeds v. Seeds (1927), 116 Ohio St. 144, 156 N.E. 193, however, this reliance is misplaced. Seeds held that the next of kin who had no notice of a forged will due to fraud, and who failed to bring a will contest within the statutory time period, could bring a suit in equity within four years after the discovery of the fraud. A crucial aspect of the right to sue in equity in this situation is that the next of kin had no knowledge of the fraud:
 {¶ 20} "Where the next of kin have no notice or knowledge of such fraud, and because of ignorance of the same fail to bring an action to contest such alleged will within the period of one year after they respectively arrive at majority, they may maintain a suit in equity within th[e] period of four years after discovery of the fraud." Id. at paragraph two of the syllabus. *Page 6 
 {¶ 21} The Seeds case is describing an early version of what is now known as the "discovery rule": "The `discovery rule' generally provides that a cause of action accrues for purposes of the governing statute of limitations at the time when the plaintiff discovers or, in the exercise of reasonable care, should have discovered the complained of injury."Investors REIT One v. Jacobs (1989), 46 Ohio St.3d 176, 179,546 N.E.2d 206.
 {¶ 22} It must be noted that in Seeds, the plaintiffs ignorance of the fraud prevented him from challenging the will in probate within the statutory limitations period (which was one-year at the timeSeeds was decided). Thus, in the instant case, if Appellant's inability to discover that the will was forged prevented him from filing a will contest within four months after he signed his waiver, as set by former R.C. § 2107.76, he could arguably file a fraud case in the proper court within the four-year statute of limitations for fraud. On the other hand, if Appellant discovered or could have discovered that the will was forged within four months of signing his waiver, he could not file a fraud claim.
 {¶ 23} Appellant does not allege any type of fraud concerning the will that could not have been discovered on October 3, 2000, when the will was admitted to probate. Appellant chose not to examine the will (which was available to him if he had desired to see it), and chose to waive notice of the probate proceedings, because he claims that he entered into an agreement with Appellee to receive the 12.351 acre property outside of the probate proceedings. This was a choice that Appellant made, and the fact that he now regrets that choice does not change the *Page 7 
fact that he could have discovered the allegedly forged signature on October 3, 2000, when the will was admitted to probate. The discovery rule is not available to those who could have discovered the basis of their injury, but fail to do so through neglect or willful avoidance.Gleason v. Ohio Army Natl. Guard (2001), 142 Ohio App.3d 697, 702,756 N.E.2d 1243.
 {¶ 24} By signing the waiver of notice on October 3, 2000, Appellant was clearly notified that there was a will and that he was not going to be receiving any notice of the probate of the will. There was nothing preventing him from requesting a copy of the will. The will was on record with the probate court, and was not being concealed. Since Appellant knew there was a will, had the ability to view the will, and waived his right to notice of the probate proceedings, he cannot rely on lack of notice as a reason for waiting almost five years to challenge the validity of the will, whether in a will contest or in a separate civil action.
 {¶ 25} There is a second significant reason, a jurisdictional reason, for affirming the trial court's judgment. Appellant is attempting to have the probate court overturn its judgment concerning the validity of the will. There is caselaw which questions whether Appellant could receive any relief at all in the probate court after the will had been admitted to probate and after the will remained unchallenged beyond the statutory period for initiating a will contest. In Petitt v.Morton, the Eighth District Court of Appeals held that there was no relief available in probate court, citing to Seeds v. Seeds: *Page 8 
 {¶ 26} "In the case of Seeds v. Seeds, 116 Ohio St. 144, 157,156 N.E. 193, 52 A. L. R. 761, it is intimated that proceedings in the probate court pertaining to wills, where judgments have been procured by fraud, are entitled to no greater sanctity or finality than other proceedings in other courts. The question, however, was not squarely before the court, and we do not find the Seeds Case an authority, in view of other pronouncements of the Supreme Court that a probate court has no inherent power to vacate an order made in the probating of a will, but rather that its jurisdiction is derived solely from constitutional and statutory provision. And, there being no [s]uch provision, the probate court has no power in this state in this instance to vacate its order of probate even if it had been conclusively proven that the second will was a forged instrument, and we are led to the belief that the plaintiff could obtain no relief whatever in the probate court, for he is without a remedy in that court." Petitt v. Morton (1930), 38 Ohio App. 348, 352,176 N.E. 494, affirmed 124 Ohio St. 241, 177 N.E. 591; see alsoWeissberg v. Kurtz (Oct. 8, 1982), 8th Dist. No. 44571.
 {¶ 27} In summation, Appellant is statutorily barred from challenging the validity of the will, and has alleged no fraud on Appellee's part that prevented him from examining the will in a timely manner. Furthermore, the probate court has no authority to vacate its order even if the will was forged. Since Appellant has not filed any recognizable assignments of error, it is not entirely clear how he is challenging the trial court's judgment, but based on a reasonable review of the material that Appellant has filed on appeal, his arguments are without merit. The probate court *Page 9 
correctly dismissed Appellant's complaint, and the lower court's judgment is hereby affirmed.
Donofrio, J., concurs.
 DeGenaro, P.J., concurs. *Page 1