NEIDECKER, APPELLANT, *v.* NEIDECKER, APPELLEE.

(Decided December 26, 1939.)

*Messrs. Streicher & Krueger,* for appellant.
*Messrs. True, Crawford & Meyer,* for appellee.

CARPENTER, J. The Common Pleas Court having sustained a demurrer to the amended petition, it was dismissed. From that judgment this appeal on questions of law was taken.

The petition alleges that by the will of John A. Neidecker, a legacy of $500 was given to plaintiff, his granddaughter. His widow, the defendant, Julia Neidecker, was appointed executrix of the will, and, having paid all of the debts of the estate, March 23, 1937, filed her final account which was approved by the Probate Court June 16, 1937. The amended petition alleges that the inventory of the assets of the estate was $23,324.54; that the debts, costs and year's support were $8,254.73; that by operation of the estate's business during administration, profits to the amount of $5,241.63 were realized; that the assets of the estate that came into the hands of the executrix were sufficient to pay the debts and charges of the estate and all legacies including plaintiff's; and that defendant has converted to her own use plaintiff's $500 legacy. The prayer is for judgment against defendant for $500 with interest from the date she, as executrix, filed her final account.

The amended petition does not allege what, if any, funds of the estate were in the hands of defendant when the final account was filed.

Many cases are cited by plaintiff which she urges support her claim as pleaded in her amended petition, but as all of them were decided before the present Probate Code became effective, January 1, 1932, they are of little or no aid in judging the amended petition as tested by the demurrer, which is on two grounds: That the court does not have jurisdiction of the subject of the action; and that a cause of action is not stated.

Plaintiff claims that Section 10509-206, General Code, gives the Common Pleas Court jurisdiction to entertain this action. That section applies only when

certain conditions have transpired, viz., a settlement of estate accounts and an order of distribution by the Probate Court, and the expiration of thirty days, all as provided for in Section 10509-199, General Code.

The allegations of the amended petition do not meet these requirements.

It is the manifest purpose of the so-called new Probate Code to place in the Probate Court exclusive jurisdiction of the administration of estates to and including the order of distribution, and in that code are provisions to accomplish in that court all of the remedies that are suggested in plaintiff's amended petition.

Section 10501-53, General Code, gives that court exclusive jurisdiction "To direct and control the conduct, and settle the accounts of executors and administrators, and order the distribution of estates." The final sentence of that section says:

"The Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute."

If the executrix has not properly accounted for all of the assets of the estate, the Probate Court, and that court only, can enforce a proper accounting, and, having done so, it alone can order a distribution of assets available for distribution. Until this has been done, neither the Common Pleas Court nor any other court has jurisdiction to entertain an action against the executrix. Unless the defendant, as executrix, is found to have assets with which to pay plaintiff's legacy, she, as an individual, can not be held liable for it.

Section 10506-39, General Code, gives the Probate Court authority to "determine all matters relative to the manner in which the fiduciary has executed his trust."

Section 10506-40, General Code, makes "the determination of the Probate Court on the settlement of an

account * * * final * * * except * * * (d) In case of fraud or collusion.''

In view of the ''exclusive'' jurisdiction and ''plenary'' power, both legal and equitable, given that court by Section 10501-53, General Code, fraud on the part of a fiduciary must be challenged in that court.

The original petition was the same as the amended petition except the allegation as to assets and profits received by the executrix and debts of the estate. In sustaining a similar demurrer to that petition Judge Allyn of the trial court, in the concluding sentence of his opinion said:

''Since the Probate Court has the power to vacate or modify its orders or judgments, and since it has exclusive jurisdiction to direct and control the conduct of fiduciaries and settle their accounts, and since the determination of the Probate Court on the settlement of an account is not final in the case of fraud, this court is clearly of the opinion that the plaintiff should apply, in the first instance, to the Probate Court for relief; that this court has no jurisdiction of the subject of the action, except on appeal from the Probate Court; and that the petition does not, at this time, state a cause of action in this court.''

The judgment of the trial court in sustaining the demurrer to the amended petition was, no doubt, placed on the same reasoning, and in so doing it did not err.

*Judgment affirmed.*

OVERMYER and LLOYD, JJ., concur.