### SPEARS et al. v. SPEARS et al.
### No. 10383.

Circuit Court of Appeals, Sixth Circuit.
June 5, 1947.

346

I. H. Spears, of Pontiac, Mich. (I. H. Spears, of Pontiac, Mich., on the brief), for appellants.

W. A. Mansfield, of Detroit, Mich., for appellees.

George A. Sutton, of Pontiac, Mich., for Eva Mae Spears.

Walter A. Mansfield, of Detroit, Mich., for Aetna Casualty & Surety Co.

Before SIMONS, ALLEN, and MARTIN, Circuit Judges.

ALLEN, Circuit Judge.

This is an appeal arising out of an action praying for equitable relief brought by appellants, residents of Florida and Cal-

ifornia, against appellees, Eva Mae Spears, the widow of the decedent individually and as special administratrix, a successor administrator of the estate of Dr. Mansfield LL. Spears, decedent, residents of Michigan; the surety on the bond of the administratrix, and a bank in Pontiac, Michigan.

As revealed by the complaint, and affidavits which are not controverted, Dr. Spears, a practicing physician, died in Ann Arbor, Michigan, on September 16, 1945, leaving considerable real estate as well as a joint bank account amounting to $18,196.67, on deposit in the appellee bank, in the name of decedent and his wife, Eva Mae Spears. In the seven months prior to his death the decedent executed three wills, one on March 28, 1945, one on August 13, 1945, and one on August 27, 1945. Petition for probate of the will of August 27, 1945, was filed in the Probate Court of the County of Oakland, Michigan. Appellants and other relatives of the deceased filed objections to the probate of the will, and an order was entered in the Probate Court certifying the contest to the Circuit Court of Oakland County, in which court, on May 9, 1946, the will was admitted to probate.

The Probate Court appointed Eva Mae Spears special administratrix pending the decision of the will contest, and the Aetna Casualty & Surety Company became surety on her bond. On petition of the contestants of the will Eva Mae Spears was removed as special administratrix and Leon Hubbard was appointed as her successor. The Probate Court approved the account of Eva Mae Spears and discharged her surety.

In a separate action, the Circuit Court of Oakland County on May 6, 1946, decided that the joint bank account in question here was the sole property of Eva Mae Spears and constituted no part of the decedent's estate.

On May 25, 1946, the appellants filed the instant action in the District Court, praying for (1) a "determination of heirship" and construction of a will of the decedent, dated August 13, 1945; (2) an adjudication of the ownership of the joint bank account amounting to $18,196.67; (3) an accounting; (4) a decree of distribution of the estate in accordance with the will dated August 13, 1945.

The complaint does not mention the will of August 27, 1945, nor the fact that it had theretofore been admitted to probate by the Michigan state court; nor does it mention the fact that the state court had theretofore held that the bank account in question was the sole property of Eva Mae Spears. The District Court granted motions to dismiss filed on behalf of the appellees, and also granted a motion to quash filed by the Surety Company on the ground that it had been improperly served.

Appellants contend that the trial court erred in considering the affidavits attached to the motions to dismiss, urging that the allegations of the complaint must be taken as true for the purpose of such motion. The affidavits consist of the records of the Probate Court and Circuit Court of Oakland County, Michigan, duly authenticated by the proper officials of those courts. These records show that appellants deliberately omitted from their complaint material facts as to which of decedent's three wills was his last and valid will. The complaint concealed not only the probate of the will of August 27, 1945, about a month before this action was filed, but also concealed its very existence. It likewise failed to mention the holding of the Circuit Court about a month before the complaint was filed, that the bank account of $18,196.67 was the sole property of Eva Mae Spears under the right of survivorship, and constituted no part of the decedent's estate. These facts, shown by affidavit, were not denied. Appellants' attorney conceded at the hearing in this court that proceedings attacking the decisions of the lower state courts had each been dismissed by the Supreme Court of Michigan. Certiorari proceedings attacking these decisions have now been dismissed by the Supreme Court of the United States, 67 S.Ct. 1517, 1524.

 When a motion to dismiss is used as the equivalent of demurrer to test the legal sufficiency of the pleadings, no question of fact is presented, and under such circumstances the motion admits the well-pleaded facts of the complaint. Geiger v. First-Troy National Bank & Trust

348

Co., 6 Cir., 30 F.2d 7. But where the motion, as here, traverses the allegations as to jurisdiction and recites facts de hors the record, the motion does not constitute an admission of the facts alleged in the complaint. Kvos, Inc. v. Associated Press, 299 U.S. 269, 278, 57 S.Ct. 197, 81 L.Ed. 183. The facts set up in the affidavits attached to the motions to dismiss herein, if true, showed that no jurisdiction exists in the federal court. The burden rested upon the appellants to support their allegations of jurisdiction by competent proof. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135. But appellants failed to deny, and in fact admitted in open court the facts as to the state court proceedings shown in the affidavits attached to the motions, including the crucial fact that the will of August 27, 1945, a will executed subsequently to that relied on in the complaint, had been probated. The District Court did not err in considering the affidavits.

The appellants herein, who contested the probate of the will in the state court, are Bettie Tunsell, sister of the decedent; William Talmadge Spears, son of the decedent, and I. H. Spears, attorney for the appellants and assignee of the interests of all other contestants. It is in brief appellants' contention here, as in the state court, that the will executed by the decedent on August 13, 1945, which made no specific provision for the decedent's wife and gave to the appellant Bettie Tunsell $5,000 in cash, is valid and that the probated will of August 27, 1945, which bequeathed to the decedent's wife his residence in Pontiac, Michigan, and $14,000 in cash, was executed under undue influence at a time when decedent was mentally incompetent. Appellants contend that the federal court has equity jurisdiction to determine whether they are heirs of the decedent, to determine each individual's share in the estate, to quiet title to the real estate owned by the decedent, and to construe the will of August 13, 1945, and urge that the District Court erred in its order of dismissal.

■ Appellants' complaint is drawn so as to conceal the fact that they ask this court to set aside the probate of the will of August 27, 1945. The complaint constitutes a colorable attempt to meet federal jurisdictional requirements in order to oust the state courts of jurisdiction. Every claim pressed by appellants depends for its authenticity upon the proposition that the will of August 13, 1945, and not the will of August 27, 1945, is the decedent's last will. They ask in effect that the probate of May 9, 1946, be set aside and another order of probate be entered validating the earlier will. As to the bank deposit, on the uncontroverted facts appellants have no tenable claim. At the outset we observe that regardless of the merits, the District Court could not properly assume jurisdiction of these controversies while appellants were urging their claims in the United States Supreme Court. On the merits, moreover, the bank deposit either belongs to the appellee Eva Mae Spears as her sole property, as held by the Circuit Court of Oakland County, or it is an asset of the estate to be administered as such under the will of August 27, 1945. Considered as an asset of the estate, it is in the custody of a special administrator appointed by the state court, and this court has no jurisdiction to interfere with that possession. Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L. Ed. 256.

■ The jurisdiction to determine the question of the validity of the will lies exclusively in the Michigan courts and they have decided that the will of August 27, 1945, was executed when the decedent was mentally competent and not under undue influence; that it is decedent's last will and testament and is valid. What appellants ask for is a secondary probate; but this is merely the continuation of the probate proceedings and the federal court clearly has no jurisdiction. Guilfoil v. Hayes, 4 Cir., 86 F.2d 544.

■ Appellants rely upon the rule often declared that a federal court cannot properly decline to hear issues in a suit in which it has jurisdiction merely because the same question is pending in a state court between the same parties. Rogers v. Girard Trust Co., 6 Cir., 159 F.2d 239; McClellan v. Carland, 217 U.S. 268, 30 S. Ct. 501, 54 L.Ed. 762. Moreover, federal

courts have jurisdiction in personam to determine certain probate matters in which the state courts have concurrent jurisdiction. Waterman v. Bank & Trust Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80. But they have no equity jurisdiction in such probate matters where the proceedings are in rem. Broderick's Will, 21 Wall. 503, 88 U.S. 503, 22 L.Ed. 599; Sutton v. English, 246 U.S. 199, 205, 38 S.Ct. 254, 62 L.Ed. 664; Markham v. Allen, supra. The probate of wills and the administration of estates, under Michigan law constitute proceedings in rem. Cf. Farrell v. O'Brien, 199 U.S. 89, 110, 111, 25 S.Ct. 727, 50 L.Ed. 101. The authority to contest a will in Michigan is part of the probate procedure, and not a suit inter partes. Mich. Stat. Ann. § 27.3178(19) et seq., Comp.Laws Supp. 1940, § 16289-1(19) et seq. Probate proceedings are not personal in their nature, but belong to a class of action in rem or quasi in rem. Calhoun v. Cracknell, 202 Mich. 430, 436, 168 N.W. 547; Thompson v. Thompson, 229 Mich. 526, 201 N.W. 533. The test as to whether the suit is inter partes or in rem is statutory. If a state statute authorizes the probating of wills ex parte, and authorizes a suit by an interested party to contest the probate or to establish the right to probate where probate has been denied, and such a suit is filed, it is merely a continuation of the probate proceedings and not an independent proceeding inter partes of which the federal court has jurisdiction. Farrell v. O'Brien, supra, 199 U.S. at page 110, 25 S.Ct. 727, 50 L.Ed. 101; Guilfoyle v. Hayes, supra. Here the main controversy is a mere attempt to open up and set aside the probate proceedings already concluded in the state courts under Mich. Stat. Ann. § 27.3178 (19) (36) (50) (91), Comp.Laws Supp.1940, §§ 16289-1 (19), 16289-1(36), 16289-1(50), 16289-2(21) and to invalidate the will of August 27, 1945. But a federal court cannot probate a will, determine the existence or validity of a will, or set aside the probate thereof. Broderick's Will, supra. Moreover, while federal courts of chancery have jurisdiction to establish the claims of creditors, legatees and heirs, they are not authorized to seize and control property which is in the possession of the state court. Waterman v. Bank & Trust Co., supra; Markham v. Allen, supra. Thus a federal court has no jurisdiction in the accounting of an estate by executors or administrators. Waterman v. Bank & Trust Co., supra, 215 U.S. at page 45, 30 S. Ct. 10, 54 L.Ed. 80; Princess Lida v. Thompson, 305 U.S. 456, 59 S.Ct. 275, 83 L. Ed. 285. Here a special administrator has been appointed to conserve the estate, and this fiduciary's possession is the possession of the court.

The District Court was clearly correct in dismissing the case as to all appellees, and also in quashing the service of process on the appellee The Aetna Casualty & Surety Company on account of improper service, due to appellants' failure to comply with Rule 4(c) and Rule 4(d) (3), Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c; and § 24.241, Mich. Stat.Ann., Comp.Laws Supp. 1940, § 12414.

The District Court erred in one feature of the case. The proceedings were dismissed "without prejudice to the plaintiffs to refile said proceedings at the conclusion of the litigation in the courts of the State of Michigan." This holding is presumably based upon the theory that the federal court has concurrent jurisdiction with the state court upon the questions raised by the complaint, which, as a matter of comity, it should not exercise while these matters are in litigation in the state court. Under Waterman v. Bank & Trust Co., supra; Sutton v. English, supra; Farrell v. O'Brien, supra; and Markham v. Allen, supra, the federal courts have no jurisdiction in regard to a second probating of a will. Upon all other points the judgment of the District Court is affirmed; but the case is remanded to the District Court with instructions to dismiss the complaint with prejudice.