Harry STARR, Plaintiff-Appellant,

v.

Lyman G. RUPP et al., Defendants-Appellees.

Virginia Ann LILLIE and Margaret M. Armston, Plaintiffs-Appellants,

v.

Lyman G. RUPP et al., Defendants-Appellees.

Nos. 19384, 19385.

United States Court of Appeals, Sixth Circuit.

Feb. 12, 1970.

Emanuel Gersten, Hillside, N. J., for plaintiffs-appellants.

Rupp, Hahn & Hayward, Franklin F. Hayward, Toledo, Ohio, on brief for Lyman G. Rupp, Kenneth E. Brock and American Mat Corp. of Delaware.

Shumaker, Loop & Kendrick, John W. Hackett, Jr., Toledo, Ohio, on brief for Harlan L. Lea, Koneta Rubber Co., Inc., Koneta, Inc. and American Mat Corp. of Ohio.

Before WEICK and COMBS, Circuit Judges, and TAYLOR,* District Judge.

WEICK, Circuit Judge.

Plaintiffs have appealed from an order of the District Court granting defendants' motion for summary judgment and from the denial of their cross-motion for summary judgment.

Plaintiff Starr, a beneficiary and trustee named in the will of Dudley W. Moor, deceased, brought his action in the District Court for damages against defendant Rupp, as executor[1] and individually, for alleged mishandling of the assets of the estate of the decedent, and against the remaining defendants, who were named as trustees in the will and/or as transferees of the property and assets of decedent's estate, for alleged tortious actions and trespass in concert with defendant Rupp. Plaintiffs Lillie and Armston, daughters of the decedent, are beneficiaries of the

---

* The Honorable Robert L. Taylor, Chief Judge, United States District Court for the Eastern District of Tennessee, sitting by designation.

1. The District Court dismissed the action against defendant Rupp, in his capacity as executor, and the defendant, United States Fidelity and Guaranty Company, as the executor's surety, for lack of jurisdiction over the subject matter; however, the District Court refused to dismiss the action against defendant Rupp in his individual capacity.

trust and trustees named in his will. They instituted a separate action in the District Court against the same defendants, alleging a similar cause of action. Plaintiffs in both cases further alleged that certain provisions of the Ohio Probate Code are in violation of the Due Process Clause of the 14th Amendment and are unconstitutional. The cases were consolidated for trial and appeal.

Plaintiff Starr alleged an additional cause of action for damages against the defendants for wrongful termination of his employment, and also filed a counter-claim against them for slander and libel.

The District Court granted defendants' motion for summary judgment, and denied plaintiffs' cross-motion for summary judgment, on the following grounds:

1—"* * * All of the issues relating to the operation of decedent's estate and the dissolution of his property which are presented in the instant cases were or could have been resolved in the Probate Court proceedings, and, therefore, are res judicata or estop the plaintiffs from relitigating them in these actions;"

2—The deposition admissions of plaintiff Starr establish that he had no contract of employment, that he was properly discharged, and that he suffered no pecuniary loss by reason of the termination of his employment; and

3—The counter-claim asserting the action for slander and libel was not filed within the time required by the Ohio one-year statute of limitation.

Mr. Moor died testate on January 18, 1960, a resident of Toledo, Ohio. His Last Will and Testament was admitted to probate in the Probate Court for Lucas County on January 28, 1960. Defendant, Lyman G. Rupp, was appointed and qualified as executor of the estate. Decedent in his will created a trust out of his residuary estate, to continue for twenty-five years. The residuary assets included the controlling stock in several corporations which decedent had organized and operated. Defendant Rupp and plaintiffs Starr and Armston and others were named trustees and beneficiaries of the trust.[2]

The litigation surrounding the administration of the estate began when plaintiff Starr filed his first action[3] in the District Court against defendant Rupp, as executor and individually, and certain other defendants, appellees herein,[4] for failure to administer properly the assets of Mr. Moor's estate. The relief sought was construction of the will, accounting, delivery of assets, and damages for the alleged tortious misconduct of the defendants. The District Court dismissed the complaint for lack of jurisdiction over the subject matter. Starr v. Rupp, No. C63–47, N.D.Ohio, Oct. 3, 1963.

Following dismissal of the complaint, Starr filed a petition in the Probate Court of Lucas County, Ohio. In Re Dudley W. Moor, Jr., No. 80,081, Jan. 19, 1965. The petition sets forth the following claims:

"The said Lyman G. Rupp, as Executor and individually has:

"(a) Failed to make and file with the Probate Court timely and proper returns, inventories and reports;

(b) Failed to administer the estate according to the directions of said Last Will and Testament;

2. The Probate Court has not appointed the trustees named in the will, and they have not qualified by furnishing bond as required by Oh.Rev.Code § 2109.02. There would be no occasion to appoint the trustees until the decedent's estate has been fully administered and there are assets subject to distribution by the Probate Court under Oh.Rev.Code § 2109.36.

Decedent's estate is still in the process of administration and no order of distribution has been made.

3. Plaintiffs Lillie and Armston were not parties to that suit.

4. Defendant, Kenneth E. Brock, and defendant, United States Fidelity and Guaranty Company.

(c) Failed to administer the estate according to the probate laws of Ohio;

(d) Disposed of valuable portions of assets of the estate involved, without notice to the interested parties and which was not to the best interests of the estate and the beneficiaries thereunder.

(e) Failed to give proper notice of his acts to the persons directly interested in said estate, thereby denying said interested parties, the opportunity and right to protect the interests of the estate and those of the beneficiaries.

(f) Used dictatorial powers without authority, to administer, perform certain acts, and sell certain properties, rights, assets and benefits of the estate which were not his to administer or dispose of as executor or otherwise.

(g) As executor and individually, in concert with others,[5] without authority, jointly, severally and individually, taken physical possession of, usurped and carried on and still carries on the decedent's various businesses and business holdings. Said actions and conduct were, are and continue to be wrongful, without authority, contrary to the terms, provisions and direction of the said Last Will and Testament and laws of Ohio pertaining thereto.

(h) Committed trespass, with others under his direction, to the rights and powers, to the damage of this plaintiff and others, named as trustees and beneficiaries.

(i) Filed his first account on April 4, 1963, over 3 years after his appointment, without any application or court permission for further time, in violation of R.S. Sec. 2109.30.

(j) Paid out from the funds of the estate, certain fees for appraisals, counsel fees and other funds without the proper application and approval of the court nor in accordance with the probate laws of Ohio.

(k) Failed to set forth specific details to the court on application without notice to interested parties to sell real estate belonging to the estate, to the detriment of the estate and the beneficiaries of the residuary.

(l) Failed to set forth certain details to the court on applications, without notice to interested parties, to sell certain corporate shares and businesses, to the detriment of the estate, the beneficiaries of the residuary estate and in violations of the provision of said Last Will and Testament.

(m) Failed to set forth certain details of a settlement agreement with the decedent's previous wife, Dorothy Turner Moor, on an application to this court to effect a settlement with her, whereby certain savings might have been accomplished."

Plaintiffs Lillie and Armston were not made parties to the probate action, nor does the record reveal that they had actual notice of the proceedings.

The prayer of the petition in the Probate Court was for the following relief: (1) construction of the will; (2) review of the accounts of the executor and to compel him to file necessary reports; (3) an order directing the executor to desist from controlling the businesses of decedent and to turn the same over to the trustees named under Item V of the will; (4) appointment of a receiver or substitute fiduciary pending determination of the issues; and (5) appointment of independent accountants and appraisers.

---

5. Starr admitted in his deposition that "others" referred to the remaining defendants in the present action.

After a full hearing, the Probate Court denied Starr's petition without written opinion and without adopting findings of fact or conclusions of law. At the same time, by separate orders the Probate Court overruled the exceptions of Starr to the executor's second and partial account, and approved and confirmed the executor's sale of assets of the estate to certain of the appellees herein. Starr appealed to the Court of Appeals of Lucas County, Ohio, which affirmed the Probate Court's judgment by order and without written opinion. In Re Dudley W. Moor, Jr., No. 5933, June, 1965. The Supreme Court of Ohio denied Starr's motion to certify the record, and dismissed his appeal filed as of right on the ground that there was no debatable constitutional question involved. In Re Dudley W. Moor, Jr., No. 39695, Nov. 1965.

Jurisdiction of the District Court in the present action was predicated on diversity of citizenship.

The first cause of action in the complaint alleged a breach of duty on the part of defendant Rupp while acting as executor, and tortious activity of the other defendants in concert with Rupp. It related to the probate and administration of the estate and set forth substantially the same claims as were made in the petition filed in the Probate Court, which were adjudicated against Starr.

Item V of Mr. Moor's Last Will and Testament provided that the residue of the estate, which included the controlling stock in several corporations, should be placed in trust; that certain persons should be named trustees; that a particular percentage of the annual profits derived from the trust assets should be distributed to named beneficiaries, including the plaintiffs; that the trust should terminate after twenty-five years and be distributed to particular named beneficiaries, including the plaintiffs.

It should be noted that the plaintiffs in these suits are only a few of the persons named as beneficiaries and/or trustees under this provision of the will.

Also, the executor has not made a final accounting in the Probate Court, and no order of distribution has been made by that court, which is necessary before the trust can come into existence.

There has been a partial accounting in the Ohio Probate Court, to which plaintiff Starr took exception, and the estate is still being administered in the Lucas County Probate Court.

The District Court granted summary judgment on the ground that the prior probate proceedings were res judicata, and barred plaintiffs' action. Before reaching the issue of res judicata, however, this Court must first determine whether a federal court, in a diversity action, has jurisdiction over the subject matter of such action, or whether the action involves a probate matter within the exclusive jurisdiction of the Probate Court.

■ We are of the opinion that exclusive jurisdiction of this action was lodged in the Probate Court and the District Court was without jurisdiction over the subject matter.

Consideration of this issue requires a determination of the nature of the claims asserted by the plaintiffs. They assert that defendant Rupp is personally liable for the damages resulting from his failure as executor to perform duties that were required by the law of Ohio, especially in the management of the decedent's corporate businesses for a few years without a court order of authorization, and in the sale of a business without court approval. It is also contended that the other defendants acted in concert with defendant Rupp, thereby depriving plaintiffs of their rights under Mr. Moor's will. The prayer for relief is for damages only.

In order to grant the relief prayed for by the plaintiffs, it would be necessary for this Court to impose personal liability on Rupp for the losses to the decedent's estate, resulting from the alleged breach of his fiduciary duties and his failure to account for assets of the estate coming into his possession as ex-

ecutor. The trouble is that the Probate Court, which had exclusive jurisdiction over the administration of the decedent's estate, has already denied such relief after full hearing. The Court of Appeals of Lucas County affirmed, and the Supreme Court of Ohio has denied a motion to certify the record. The fact that plaintiffs pray for damages instead of an accounting and equitable relief on the identical cause of action unsuccessfully asserted in the Probate Court, does not confer jurisdiction on a federal court.

Even assuming that a federal court considered the granting of relief, it would appear that any damages resulting from breach of the executor's duties or his failure to account, would rightfully belong to the estate, and not to the plaintiffs who are only a few of the beneficiaries under the will. It should be noted that the Probate Court declined to remove the executor and appoint a substitute administrator for the purpose of bringing an action against the executor. Legal title to the personalty of the decedent is vested in the executor until an order of distribution has been made after the estate has been fully administered.

Plaintiffs contend that this suit is solely an in personam action for damages, and that a federal court in a diversity suit has concurrent jurisdiction with the Probate Court over this type of action. We do not agree.

■■ It is now well settled that federal courts have no probate jurisdiction and may not administer a decedent's estate since the equity power conferred by the Judiciary Act of 1789, and its successor, included only that power held by the English Chancery Court in 1789, and this did not extend to probate or estate matters. Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256 (1946); Broderick's Will, 88 U.S. 503, 21 Wall. 503, 22 L.Ed. 599 (1874).

■ Nevertheless, federal courts have jurisdiction—

"* * * to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." Markham v. Allen, *supra*, 326 U.S. at 494, 66 S.Ct., at 298.

Similarly, the Supreme Court has held that where the action is strictly "in personam," rather than "in rem," "quasi in rem," or related solely to "administration and restoration of corpus," federal courts have power to adjudicate the controversy. Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 466–467, 59 S.Ct. 275, 83 L.Ed. 285 (1939). See Vestal & Foster, Implied Limitations on the Diversity Jurisdiction of Federal Courts, 41 Minn.L.Rev. 1, 13–23 (1956); Note, Federal Jurisdiction in Matters Relating to Probate and Administration, 43 Harv.L.Rev. 462 (1930).

In Waterman v. Canal-Louisiana Bank, 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80 (1909), the plaintiff sought to have declared lapsed certain legacies under her aunt's will, to prohibit two of testatrix's nephews from sharing certain undisposed property, to have an account taken of all the testatrix's property coming into possession of the executor, and to have herself declared sole heir at law of the decedent. The Supreme Court held that the relief sought went beyond the equity power of the federal courts insofar as it asked for an accounting of the estate.

"* * * [I]n so far as the probate administration of the estate is concerned in the payment of debts, and the settlement of the accounts by the executor or administrator, the jurisdiction of the probate court may not be interfered with." *Id.* at 45, 30 S.Ct. at 13.

Subsequently, the Supreme Court reviewed a case where the mother and a son of the settlor of an inter vivos trust sued the trustees in the federal court claiming mismanagement of the trust,

and sought to have them removed and to have them account for and repay all losses. Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 59 S. Ct. 275, 83 L.Ed. 285 (1939). Prior to the federal court action the trustees had filed an account in the state court which permitted the filing of exceptions thereto. Thus the state court had acquired jurisdiction first and it enjoined the parties in the federal court from proceeding with their action. The injunction was upheld by the State Supreme Court. The federal court then temporarily enjoined the plaintiffs in the state court from taking further action.

The Supreme Court of the United States was faced with a situation where the state and federal courts had restrained the parties before them from proceeding. The Supreme Court held that where the relief sought is "strictly in personam" both courts have concurrent jurisdiction. However, in an action in rem or quasi in rem where the court has or must have possession of the property in order to grant the relief requested, the court first acquiring jurisdiction may exercise it to the exclusion of any other. Finding the proceeding before it to be quasi in rem, it upheld the exclusive jurisdiction of the state court because the trustees had filed their account there prior to the federal court action. The Court added:

> "While it has no application to a case in a federal court based upon diversity of citizenship, wherein the plaintiff seeks merely an adjudication of his right or his interest as a basis of a claim against a fund in the possession of a state court, this is not such a case. No question is presented in the federal court as to the right of any person to participate in the res or as to the quantum of his interest in it. The contentions are solely as to administration and restoration of corpus." Id. at 466–467, 59 S.Ct. at 281.

The latest pronouncement of the Supreme Court was in Markham v. Allen, supra, 326 U.S. 490, 66 S.Ct. 296, 90 L. Ed. 256 (1946). The question was—

> " * * * whether a district court of the United States has jurisdiction of a suit brought by the Alien Property Custodian against an executor and resident heirs to determine the Custodian's asserted right to share in decedent's estate which is in course of probate administration in a state court." Id. at 491–492, 66 S.Ct. at 297.

The Supreme Court sustained federal court jurisdiction on the ground that the judgment did not interfere with the "orderly administration of the decedent's estate in the state probate court" but simply involved the Custodian's "right in the property to be distributed after its administration." Id. at 495, 66 S.Ct. at 298–299.

The cases thus endeavor to distinguish between direct interference with or control of the res and adjudication of the rights of individuals who have an interest in the res. This line of distinction is not always clear.

In Kittredge v. Stevens, 126 F.2d 263 (1st Cir. 1942), cert. denied, 317 U.S. 642, 63 S.Ct. 64, 87 L.Ed. 517 (1942), the plaintiffs, who were beneficiaries under a will, brought a diversity suit in the federal court against the administrators of the estate. The prayer for relief was—

> " * * * (1) to hold the defendants personally liable to the plaintiff because they withheld property rightfully belonging to the plaintiff and to her predecessor; (2) to order the defendants to turn over to the plaintiff property which they received in their fiduciary capacities and to which plaintiff is now entitled; and (3) to order an accounting with respect to both aspects of the relief requested." Id. at 265.

After a review of the Supreme Court decisions, the Court stated:

> "It is obvious that insofar as the complaint requests the district court to order the defendants to turn over to the plaintiff property which they received in their capacity as fidu-

ciaries, and for which they are accountable to the probate court, the federal district court had no jurisdiction." *Id.* at 266.

The plaintiff contended, however, that insofar as the complaint requested the federal court to impose personal liability on the defendants, it was an action in personam because there was no attempt to affect a res subject to the jurisdiction of the state probate court. The defendants argued that a determination of this issue would necessitate an accounting which is strictly a probate matter and takes the case beyond the federal jurisdiction.

The Court then reviewed *Princess Lida of Thurn and Taxis, supra,* and held that a federal court was without jurisdiction over a case which required consideration of the administration of an estate in a state probate court or the actual handling of the property of an estate by a fiduciary. The Court stated:

> "Although there is some language in the cases supporting the argument made by the plaintiff, we do not think that it can be said that a federal court necessarily has jurisdiction over an action against a fiduciary so long as the court is not requested to give a decree in rem immediately affecting property subject to the jurisdiction of a state court. Princess Lida v. Thompson, supra, would seem to hold that where the 'contentions are solely as to administration' a federal court has no jurisdiction over the suit even though the complainant may not be asking the court to grant relief which would immediately affect a res within the custody of a state court. If the issues presented by the complainant involve a consideration of the actual handling of the trust property by the fiduciaries, then the federal courts would appear to have no jurisdiction." Kittredge v. Stevens, *supra,* 126 F.2d at 267.

In the present case, to grant the relief prayed for would not only interfere with the prior jurisdiction of the Probate Court, but also would conflict with its decision.

We hold that *Princess Lida of Thurn and Taxis, supra,* is dispositive of the issues in this case, and that the District Court did not have jurisdiction over the subject matter of this case.

■ In Ohio the Probate Court has exclusive jurisdiction, unless otherwise provided by law, "to direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates." Oh.Rev. Code § 2101.24.

Under Ohio Law, every executor must render an account of his administration within nine months after his appointment, Oh.Rev.Code § 2109.30, and must render further accounts at least once each year thereafter, Oh.Rev.Code § 2109.30. In addition, an account must be rendered by any fiduciary at any other time upon the order of the court, either at its own instance or upon the motion of any person interested in the estate for good cause shown, Oh.Rev.Code § 2109.30.

■ The Probate Court has exclusive jurisdiction of an action the subject matter of which relates to the conduct of the defendant as executor and the settlement of his accounts. 23 Ohio Jur.2d, Ex. & Adm. Sec. 623. See Neidecker v. Neidecker, 63 Ohio App. 416, 26 N.E.2d 929 (1939).

■■ The Probate Court will disapprove any account if it appears there is any violation of the law or irregularity, will disallow any items which are improper, will surcharge the account for sums for which the fiduciary should be liable but with which he has not charged himself, will order an account corrected, and will fix the liability of the fiduciary for any failure to account fully for the estate. 24 Ohio Jur.2d, Fiduciaries, Section 294, and cases cited therein.

Exceptions to an account are the means by which a person interested in the estate may assure a complete and correct accounting for the administration of the trust, and may establish the

liability of the fiduciary for any breach of his duties. 24 Ohio Jur.2d, Fiduciaries, Section 288.

 Under Ohio law, jurisdiction of this type of action involving an alleged breach of fiduciary duties is lodged in the Probate Court in a quasi in rem proceeding for accounting and surcharging the executor with the losses to the estate resulting therefrom. The cause of action relating to the other defendants in this case is based on the fact that Rupp allegedly breached his fiduciary duties. In order to fix their liability, it would be necessary first to determine whether Rupp mishandled the estate, which is a question for the Probate Court and not for a Federal Court to decide.

Since the Probate Court had prior jurisdiction over the res and has already approved the sale of stock and a partial account, a Federal Court cannot interfere with the administration of the estate. *Princess Lida of Thurn and Taxis, supra.* It is unnecessary for us to decide the issue of res judicata because of our determination that the District Court was without jurisdiction in this matter.

We now turn to plaintiff Starr's second cause of action which alleged that the defendants wrongfully terminated his contract of employment. The District Court held:

"The plaintiff's deposition establishes, however, that he had no contract of employment, and was properly discharged. He does not state any facts showing that he suffered any pecuniary loss by reason of the termination of his employment."

We agree.

The deposition of plaintiff Starr establishes that there was no written employment contract with the D. W. Moor Company; that appellee, Brock, as president of the company, had authority to and did terminate his employment; and that in any event, Starr tendered his own written resignation two weeks following the date on which he was discharged by the company. It is apparent from the admissions of plaintiff Starr that the termination of his employment was not wrongful.

The final issue is concerned with plaintiff Starr's counter-claim for slander and libel. The District Court ruled that the cause of action was barred by the Ohio statute of limitations.[6] We agree.

The record shows that the alleged slander and libel took place in November, 1962. The counter-claim asserting a cause of action for slander and libel was not filed until June 30, 1966.

The judgment of the District Court is affirmed.

6. Ohio Rev.Code, § 2305.11 (1953) provides:
"An action for libel, slander, * * * shall be brought within one year after the cause thereof accrue[s]."