Ferenc BEDO, et al.,
Plaintiffs-Appellants,

v.

Helen E. McGUIRE,
Defendant-Appellee.

No. 84–3849.

United States Court of Appeals,
Sixth Circuit.

Submitted May 9, 1985.

Decided July 16, 1985.

Engel, Circuit Judge, filed dissenting opinion.

John R. Vintilla, Cleveland, Ohio, for plaintiffs-appellants.

James N. Taylor, Elyria, Ohio, for defendant-appellee.

Before ENGEL and MARTIN, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

Plaintiffs filed this action against the executrix of the estate of Vincent Bedo, who died testate in Lorain County, Ohio, in April 1975. As heirs of the decedent and beneficiaries of the estate, plaintiffs seek compensatory and punitive damages for certain alleged irregularities on the part of the executrix. They claim that they were not notified or informed during the administration of the estate about certain matters that affected their rights adversely and that they had no notice or knowledge of the filing of the first, second and final accounts by the executrix in the State Probate Court. They state that they did not learn about deficiencies in these accounts until after the closing of the estate. Jurisdiction is asserted on the ground of diversity of citizenship. District Judge George

W. White stated in his memorandum opinion the last will and testament of Vincent Bedo was admitted to probate by the Probate Court for Loraine County in November 1975; that the final account was accepted by the Probate Court in September 1977; and that the estate was distributed and closed. Judge White granted the motion of the appellee to dismiss the complaint for lack of jurisdiction. We affirm.

■ It is well settled that federal courts have no probate jurisdiction. *Markham v. Allen,* 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946); *Harris v. Zion's Bank Co.,* 317 U.S. 447, 450, 63 S.Ct. 354, 356, 87 L.Ed. 390 (1943); *Sutton v. English,* 246 U.S. 199, 207, 38 S.Ct. 254, 257, 62 L.Ed. 664 (1918); *Farrell v. O'Brien,* 199 U.S. 89, 101, 25 S.Ct. 727, 730, 50 L.Ed. 101 (1905); *Byers v. McAuley,* 149 U.S. 608, 615, 13 S.Ct. 906, 908, 37 L.Ed. 867 (1893); *Tonti v. Petropoulous,* 656 F.2d 212 (6th Cir.1981); *Starr v. Rupp,* 421 F.2d 999, 1004 (6th Cir.1970); *Old Kent Bank & Trust Co. v. United States,* 362 F.2d 444, 448 (6th Cir. 1966); *Louisville Trust Co. v. Smith,* 330 F.2d 483, 487 (6th Cir.1964), *cert. denied,* 380 U.S. 943, 85 S.Ct. 1763, 14 L.Ed.2d 713 (1965); *Spears v. Spears,* 162 F.2d 345, 348 (6th Cir.), *cert. denied,* 332 U.S. 768, 68 S.Ct. 78, 92 L.Ed. 353 (1947); *Pritchard on Wills and Administration of Estates,* § 50, note 5 (4th Ed.1983).

Appellant relies upon the decision of the Supreme Court in *Markham v. Allen,* 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256 (1946), where the Court held that a district court had jurisdiction of a suit brought by the Alien Property Custodian against an executor and resident heirs to determine the Custodian's asserted right to share in a decedent's estate which was in course of administration in a state court. The Supreme Court sustained federal court jurisdiction on the ground that the judgment did not interfere with the "orderly administration of the decedent's estate in the state probate court," but simply involved the Custodian's "right to the property to be distributed after its administration." 326 U.S. at 491, 492, 495, 66 S.Ct. at 297, 298, quoted by this Court in *Starr v. Rupp,* 421 F.2d 999, 1005 (6th Cir.1970).

In *Starr v. Rupp,* this Court held that the rationale of *Markham v. Allen* does not confer jurisdiction upon a federal court sitting in Ohio in an action by beneficiaries of a decedent's estate against decedent's executor in his individual capacity for breach of fiduciary duty in the administration of the estate.

It has been held that an action to redress fraud in the administration of an estate that can be prosecuted in a state court of general jurisdiction is not barred from federal jurisdiction. *Bassler v. Arrowood,* 500 F.2d 138, 142 (8th Cir.1974); *see Lamberg v. Callahan,* 455 F.2d 1213, 1216–17 (2d Cir.1972).

■ It is clear from the opinion of this Court in *Starr v. Rupp* that under the law of Ohio exclusive jurisdiction of probate matters, including breach of fiduciary duty, is vested in the Probate Court. Judge Paul C. Weick, author of this Court's opinion, wrote:

In Ohio the Probate Court has exclusive jurisdiction, unless otherwise provided by law, "to direct and control the conduct and settle the accounts of executors and administrators and order the distribution of estates." Oh.Rev.Code § 2101.24.

Under Ohio Law, every executor must render an account of his administration within nine months after his appointment, Oh.Rev.Code § 2109.30, and must render further accounts at least once each year thereafter, Oh.Rev.Code § 2109.30. In addition, an account must be rendered by any fiduciary at any other time upon the order of the court, either at its own instance or upon the motion of any person interested in the estate for good cause shown, Oh.Rev. Code § 2109.30.

The Probate Court has exclusive jurisdiction of an action the subject matter of which relates to the conduct of the defendant as executor and the settlement of his accounts. 23 Ohio Jur.2d, Ex. & Adm. Sec. 623. See *Neidecker v. Neidecker,* 63 Ohio App. 416, 26 N.E.2d 929 (1939).

The Probate Court will disapprove any account if it appears there is any violation of the law or irregularity, will disallow any items which are improper, will surcharge the account for sums for which the fiduciary should be liable but with which he has not charged himself, will order an account corrected, and will fix the liability of the fiduciary for any failure to account fully for the estate. 24 Ohio Jur.2d, Fiduciaries, Section 294, and cases cited therein.

Exceptions to an account are the means by which a person interested in the estate may assure a complete and correct accounting for the administration of the trust, and may establish the liability of the fiduciary for any breach of his duties. 24 Ohio Jur.2d, Fiduciaries, Section 288.

Under Ohio law, jurisdiction of this type of action involving an alleged breach of fiduciary duties is lodged in the Probate Court in a quasi in rem proceeding for accounting and surcharging the executor with the losses to the estate resulting therefrom. The cause of action relating to the other defendants in this case is based on the fact that Rupp allegedly breached his fiduciary duties. In order to fix their liability, it would be necessary first to determine whether Rupp mishandled the estate, which is a question for the Probate Court and not for a Federal Court to decide. 421 F.2d at 1006–07.

The judgment of the district court is affirmed.

ENGEL, Circuit Judge, dissenting.

I respectfully dissent. I am not convinced that *Starr v. Rupp*, 421 F.2d 999 (6th Cir.1970), governs the outcome in this case.

Although federal courts have no jurisdiction to probate wills or administer estates, the Supreme Court has held that federal courts do have jurisdiction "to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." *Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946).

The boundaries of the judicially created probate exception to federal diversity jurisdiction are quite imprecise. Generally, the courts consider several factors in determining whether particular suits fall inside or outside the exception. Among those generally considered important are (1) whether the action attacks the validity of a will, (2) whether the suit can be characterized as in personam, in rem or quasi in rem, (3) whether the state court proceeding has been closed and (4) whether the suit could be brought in a state court other than the probate court. *See, e.g., Sutton v. English*, 246 U.S. 199, 38 S.Ct. 254, 62 L.Ed. 664 (1918); *Rice v. Rice Foundation*, 610 F.2d 471 (7th Cir.1979); *Ewald v. Citizens Fidelity Bank & Trust Co.*, 242 F.2d 319 (6th Cir.1957); *Spears v. Spears*, 162 F.2d 345 (6th Cir.), *cert. denied*, 332 U.S. 768, 68 S.Ct. 78, 92 L.Ed. 353 (1947). Some authorities assert that the determinative factor in actions seeking to impose personal liability on an executor or administrator for wrongful conduct in administering the estate is often whether a final accounting has been approved by a state probate court. *See annot.*, 12 A.L.R.Fed. 292, 301 (1972); *cf.* 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3610 (1984) (Actions against administrators seeking a personal judgment for damages for fraud or mismanagement "may be brought in a federal court only if a final accounting has been held in the state probate court and the administrator has been released from further responsibility to that court.").

*Starr v. Rupp*, 421 F.2d 999 (6th Cir. 1970), is the most recent case in our circuit dealing with the probate exception. In *Starr*, beneficiaries and trustees of a trust created by the decedent's will brought suit in federal court against the executor of the estate in his individual capacity for breach of fiduciary duty in administering the estate. The state probate court earlier had rejected the plaintiffs' claims of mismanagement following a full hearing. The

Ohio intermediate appellate court had affirmed the probate court's decision, and the Ohio Supreme Court had denied a motion to certify the record. The executor had not yet made a final accounting in the Ohio probate court when the plaintiffs filed suit in federal court. Judge Weick's opinion for our court rejected the plaintiffs' argument that the federal suit was solely an in personam action for damages over which the federal district court had concurrent jurisdiction with the state probate court. Judge Weick emphasized that to grant the relief requested not only would interfere with the prior jurisdiction of the state probate court but also would conflict with that court's decision.

The case at bar is different from *Starr* in two important aspects. First, the plaintiffs here allege that they have had no opportunity to present their claims to the state probate court because they received no notice of the accountings filed by the executrix. Second, the state probate proceeding in this case had been closed for several years when the complaint was filed in federal court. The latter fact is especially important because there are indications that under Ohio law the jurisdiction of the probate court may not be exclusive when this type of suit is brought after the probate proceeding has been closed. For example, in the syllabus of *Neidecker v. Neidecker*, 63 Ohio App. 416, 26 N.E.2d 929 (1939), the Ohio case relied upon by Judge Weick in *Starr*, the court stated:

> The Common Pleas Court has no jurisdiction to hear and determine an action by a legatee against an executrix of an estate for converting a legacy to her own use, *unless there has been a settlement of estate accounts, an order of distribution by the Probate Court and the expiration of thirty days, as provided in Sections 10509–100 and 10509–266, General Code. Until such conditions have been met* the Probate Court has exclusive jurisdiction to hear and determine such action including any matters of fraud.

(emphasis added). Moreover, the plaintiffs have cited several Ohio decisions holding that an action to redress fraud in the administration of an estate brought after the estate has been closed *can* be prosecuted in an Ohio court of general jurisdiction. *Jacobsen v. Jacobsen*, 164 Ohio St. 413, 131 N.E.2d 833 (1956); *Morton v. Petitt*, 124 Ohio St. 241, 177 N.E. 591 (1931); *Seeds v. Seeds*, 116 Ohio St. 144, 156 N.E. 193 (1927); *Alexander v. Compton*, 57 Ohio App.2d 89, 385 N.E.2d 638 (1978). Because each of these cases involved express allegations of fraud, I am uncertain whether Ohio courts would apply the same rule to this case in which the plaintiffs appear to allege breach of fiduciary duty rather than fraud. Under the circumstances, I think that it would be wise to remand the case so that the district judge, who is familiar with Ohio state law, may have an opportunity to decide this issue with the benefit of complete briefing and argument by the parties.