9 F.3d 1548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ruby H. HARRIS, Sister on behalf of the heirs of the real
estate Lucretia Hand, deceased, Plaintiff-Appellant,
v.
Heidi KONEIG, Referee, Cuyahoga Probate Court, et al.,
Defendants-Appellees.
 No. 93-3150.
 United States Court of Appeals, Sixth Circuit.
 Nov. 12, 1993.
 
 1
 Before: MILBURN and BATCHELDER, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 Ruby Harris, a pro se plaintiff, appeals a district court judgment dismissing her civil rights suit construed to be filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary and equitable relief, Harris sued two probate court referees (Koneig and Brown), a probate court judge (Donnelly), the probate court, and a private attorney (Muttalib), alleging that the defendants violated her due process rights when Koneig appointed Muttalib as guardian for her sister, and when Brown later appointed Muttalib as administrator of her sister's estate. After reviewing Muttalib's motion to dismiss and the remaining defendants' motion for summary judgment, the district court granted both motions. Harris has filed a timely appeal. The defendants have submitted a letter to the court indicating that they will not be filing a brief.
 
 
 4
 Upon review, we conclude that the district court properly granted Muttalib's Rule 12(b)(1) motion to dismiss. Redmon ex rel. Redmon v. United States, 934 F.2d 1151, 1155 (10th Cir.1991). The Ohio Probate Court has exclusive jurisdiction over claims alleging a breach of fiduciary duty. See Ohio Rev.Code § 2101.24(A)(1)(c); Bedo v. McGuire, 767 F.2d 305, 306 (6th Cir.1985). The district court also properly granted summary judgment to the remaining defendants. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Ohio Probate Court is absolutely immune because Harris sought to hold it liable for the actions of the individual defendants, and not for any extra-judicial actions. See, e.g., Sparks v. Character and Fitness Comm., 859 F.2d 428, 434 (6th Cir.1988), cert. denied, 489 U.S. 1011 (1989). The remaining individual defendants are entitled to judicial immunity as to Harris's request for monetary damages. See Stump v. Sparkman, 435 U.S. 349, 361-62 (1978). Harris is also not entitled to equitable relief because she was afforded all the process due her when the defendants reviewed her application to be appointed as administratrix of Hand's estate. Cf. Yashon v. Hunt, 825 F.2d 1016, 1022 (6th Cir.1987), cert. denied, 486 U.S. 1032 (1988).
 
 
 5
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation