14 F.3d 600
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Mary Anne Prescott Powell CHUBET, Plaintiff-Appellant,
v.
HUNTINGTON TRUST COMPANY, N.A.; Huntington Mortgage
Company; Colborn M. Addison; Vorys, Sater, Seymour &
Pease; Vera R. Dole; Virginia E. Scardino; Vera
Sturtevant; Patricia Ann Sturtevant; Phyllis Rankin
Enggasser; Daniel M. Slane; Grieser, Schafer, Blumenstiel
& Slane; Eleanor M. Slane; Vantage-Westbelt Associates;
Ronald A. Huff; C. Houston Bell; Mac L. Coker; Unum Life
Insurance Company; Prudential Insurance Company of America;
Stonefield Equities, Inc.; W. Lyman Case & Company; Kohr,
Royner, Griffith, Inc.; Vantage Properties, Inc., also
known as OVPI, Inc., Defendants-Appellees.
 No. 93-3624.
 United States Court of Appeals, Sixth Circuit.
 Dec. 9, 1993.
 
 1
 Before: JONES and SUHRHEINRICH, Circuit Judges, and MCKEAGUE, District Judge.*
 
 ORDER
 
 2
 Plaintiff Mary Anne Prescott Powell Chubet appeals from a district court judgment dismissing her complaint pursuant to Fed.R.Civ.P. 12(b)(1). The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The parties have waived oral argument. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Defendant Huntington Bank Company requests attorney's fees and costs because the appeal is frivolous.
 
 
 3
 Plaintiff filed suit alleging breach of fiduciary duty and fraud with respect to the administration of two testamentary trusts and the purchase and sale of the trusts' property. The purported basis for federal jurisdiction was diversity of citizenship under 28 U.S.C. Sec. 1332. Plaintiff sought a refund of trustee fees, a determination whether trust principal may be distributed and reimbursement of lost income.
 
 
 4
 The district court dismissed the complaint on the grounds that complete diversity was lacking because plaintiff and defendant Vera Dole were both residents of the State of New York, and because the complaint was subject to dismissal under the probate exception to diversity jurisdiction in that the federal action tended to interfere with the Franklin County, Ohio, Probate Court's ongoing jurisdiction over the same issues. A judgment entry was filed on May 18, 1993. Plaintiff appeals from that judgment.
 
 
 5
 Upon review, we find no error. The federal courts are without subject matter jurisdiction over this dispute.
 
 
 6
 A federal district court has original jurisdiction over, inter alia, any civil action "where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between--(1) citizens of different States." 28 U.S.C. Sec. 1332(a). Diversity of citizenship under 28 U.S.C. Sec. 1332 must be complete; each defendant must be a citizen of a state different from that of each plaintiff. Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). Because the plaintiff and defendant Vera Dole are both citizens of New York, complete diversity does not exist in this case. Plaintiff's arguments with respect to Vera Dole's "nominal" status and plaintiff's attempt to excise any portion of her complaint with respect to Vera Dole are unavailing. Vera Dole is clearly an indispensable party. See Walsh v. Centeio, 692 F.2d 1239, 1242 (9th Cir.1982). Diversity is determined at the time the complaint is filed, not at a later date. Dean v. Holiday Inns, Inc., 860 F.2d 670, 672 (6th Cir.1988) (citations omitted).
 
 
 7
 Additionally, a federal court may not interfere with the ongoing jurisdiction of a state probate court. Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 466 (1939); Bedo v. McGuire, 767 F.2d 305, 306 (6th Cir.1985) (under law of Ohio, exclusive jurisdiction of probate matters, including breach of fiduciary duty, is vested in the probate court). Moreover, plaintiff's allegation of fraud against non-fiduciaries cannot be adjudicated until it is determined that the trustees breached their fiduciary duty. Starr v. Rupp, 421 F.2d 999, 1007 (6th Cir.1970). Therefore, plaintiff's action depends entirely upon the probate court's initial consideration of the conduct of the fiduciaries.
 
 
 8
 Accordingly, the district court judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's opinion and order filed May 18, 1993. The request for attorney's fees and costs is denied.
 
 
 
 *
 The Honorable David W. McKeague, U.S. District Judge for the Western District of Michigan, sitting by designation