CLAY, Circuit Judge,
concurring.
I concur in the majority’s opinion, but I write separately to express my concern over the friction between this Court’s inquiry under the probate exception and Supreme Court precedent. In my view, the “exclusive jurisdiction” test, to determine whether this Court’s jurisdiction is barred under the probate exception, conflicts with both Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 30 S.Ct. 10, 54 L.Ed. 80 (1909), and Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256 (1946).
As the majority recognizes, this Court employs an “exclusive jurisdiction” test to analyze whether the probate exception is applicable. In Lepard v. NBD Bank, this Court stated:
The standard for determining whether federal jurisdiction may be exercised is whether under state law the dispute would be cognizable only by the probate court. This court applied the “probate exception” in Bedo v. McGuire, 767 F.2d 305 (6th Cir.1985), holding that the district court lacked subject matter jurisdiction over a claim for breach of fiduciary duty brought by the beneficiaries of the estate against the executrix because, under Ohio law, “exclusive jurisdiction of probate matters, including breach of fiduciary duty, is vested in the Probate Court.” Id. at 306.
384 F.3d 232, 237 (6th Cir.2004) (some internal quotations and citation omitted). The majority narrows the language of Lepard to apply only when a probate matter is involved;[1] in other words, if a state probate court has exclusive jurisdiction over a non-probate matter, then the probate exception would not apply. I agree that it would be absurd to preclude federal jurisdiction, under the probate exception, over, say, all tort matters, simply because the state legislature placed all tort matters within the exclusive jurisdiction of the state probate courts. I believe, however, that it is also inconsonant to preclude federal jurisdiction over probate matters simply because of the state legislature’s bes-towment of exclusive jurisdiction to the state probate courts. Two Supreme Court cases illustrate this point.
In Waterman v. Canal-Louisiana Bank & Trust Co., the plaintiff was the niece of the testatrix. 215 U.S. at 39, 30 S.Ct. 10. The heart of the plaintiffs claim was that the testatrix had bequeathed $3,000 and a pro rata share of the residue of her estate to the Home for the Insane, a charity that the plaintiff claimed did not exist when the testatrix made her will. Id. at 40, 30 S.Ct. 10. The plaintiff claimed that she was the sole heir at law to the testatrix, so that she should receive the portion of the estate set aside for the Home for the Insane. Id. at 41, 30 S.Ct. 10.
The Supreme Court held that the federal courts had jurisdiction over the plaintiffs case.[2] As to suits against estates, the *855 Court found that “the [federal] jurisdiction may be exercised, and is not subject to limitations or restraint by state legislation establishing courts of probate, and giving them jurisdiction over similar matters.” Id. at 43, 30 S.Ct. 10. The Court further explained that, “[t]he rule stated in many cases in this court affirms the jurisdiction of the Federal courts to give relief of the nature stated, notwithstanding the statutes of the state undertake [sic] to give to state probate courts exclusive jurisdiction over all matters concerning the settlement of accounts of executros [sic] and administrators in the distribution of estates.” Id. at 43-44, 30 S.Ct. 10. The Court qualified the exercise of federal jurisdiction by stating that a federal court could not “seize and control the property which is in the possession of the state court,” although a federal court could adjudicate a party’s rights to that property. Id. at 44, 30 S.Ct. 10. The Court also instructed that a federal court could not exercise general jurisdiction over an estate, as it “could not exercise original jurisdiction to draw to itself the entire settlement of the estate of the decedent and the account of administration, or the power to determine all claims against the estate.” Id. at 45, 30 S.Ct. 10.
Applied to the facts in that case, the Supreme Court held:
The complainant, it is to be noted, does not seek to set aside the probate of the will, which the bill alleges was duly established and admitted to probate in the proper court of the state.
The United States circuit court, by granting this relief, need not interfere with the ordinary settlement of the estate, the payment of the debts and special legacies, and the determination of the accounts of funds in the hands of the executor, but it may, and we think has the right to, determine, as between the parties before the court, the interest of the complainant in the alleged lapse legacy and residuary estate.
Id. at 46, 30 S.Ct. 10.
The preceding case negates this Court’s exclusive jurisdiction test in two respects. First, the statement of law given by the Supreme Court directs against such an inquiry. The Supreme Court twice noted that a state legislature could not define the boundaries of federal jurisdiction, specifically in the context of probate matters; the Supreme Court went further and found that notwithstanding the state legislature’s demarcation of probate matters as within the exclusive jurisdiction of state probate courts, the qualified rule was that a federal court could still exercise jurisdiction over such matters. This would seem to be in direct opposition to the exclusive jurisdiction test. Second, while under the facts of Waterman the Supreme Court found that federal courts did have jurisdiction over the plaintiffs claim, under the exclusive jurisdiction test, the result would be the opposite. The majority finds that “this court has examined the exclusive jurisdiction of probate courts only when a claim concerned a decedent’s estate.” Waterman certainly involved a decedent’s estate, so the exclusive jurisdiction test would apply under the majority’s logic. Thus, if Louisiana, the relevant state in Waterman, placed exclusive jurisdiction over suits against an estate in the state probate courts, then federal jurisdiction would be inappropriate under the exclusive jurisdiction test; however, this was not the conclusion reached by the Supreme Court. Waterman is Supreme Court precedent directly on point as to why the exclusive jurisdiction test is inappropriate, even when confined solely to probate matters.
Markham v. Allen also demonstrates that the exclusive jurisdiction of a state *856 probate court cannot define the reach of federal jurisdiction. In that case, the testatrix was a California resident whose will named legatees who were German nationals. 326 U.S. at 492, 66 S.Ct. 296. The controversy took place during World War II. Id. The defendants were heirs-at-law of the testatrix who claimed in California state court that under California law, the German legatees were ineligible as beneficiaries, so that the estate should be divided amongst those American heirs-at-law. Id. Shortly after the state law suit commenced, the plaintiff Alien Property Custodian, acting under federal statute, filed suit in federal district court, claiming that the plaintiff had acquired the interest of the German legatees, and that the American heirs-at-law had no interest in the estate. Id. at 493, 66 S.Ct. 296.
The Supreme Court held that the federal courts properly had jurisdiction over the plaintiffs suit. The Court found that while a federal court did not have jurisdiction to probate a will or administer an estate, “federal courts of equity have jurisdiction to entertain suits in favor of creditors, legatees and heirs and other claimants against a decedent’s estate to establish their claims so long as” (1) the federal court did not interfere with the state probate proceeding; (2) the federal court did not assume general jurisdiction over the probate proceeding; and (3) the federal court did not assume control over property within the custody of the state court. Id. at 494, 66 S.Ct. 296 (internal quotations and citation omitted).
As applied to the facts of that case, the Court found that
[although in this case [the plaintiff] sought a judgment in district court ordering defendant executor to pay over the entire net estate to the [plaintiff] ..., the judgment declared only that [the plaintiff] is entitled to receive the net estate of the [testatrix] .... The effect of the judgment was to leave undisturbed the orderly administration of [the testatrix’s] estate in the state probate court and to decree [the plaintiffs] right in the property to be distributed after its administration. This, as our authorities demonstrate, is not an exercise of probate jurisdiction or an interference with property in the possession or custody of the state court.
Id. at 495, 66 S.Ct. 296.
As to the statement of law, there is no mention of the exclusive jurisdiction of a state probate court as being the key inquiry under the probate exception. Instead, a federal court must look to whether federal jurisdiction would interfere with a state proceeding, whether the parties ask the federal court to assert general jurisdiction, and whether the federal court would interfere with property in the possession of the state court. One can easily imagine where the requirements of Markham, have been met, but where the exclusive jurisdiction test would preclude federal jurisdiction. Under the facts of Markham, for example, if California law vested state probate courts with exclusive jurisdiction over suits against the executor of an estate, then the exclusive jurisdiction test would lead to the conclusion that federal jurisdiction was inappropriate, despite the Supreme Court’s holding to the contrary.
In sum, I disagree with the majority’s position that the exclusive jurisdiction test, cabined to apply only in probate matters, is consistent with Waterman and Markham. That said, I believe that the principles outlined by the Supreme Court in Waterman and Markham lead to the conclusion that this Court has jurisdiction over Plaintiffs non-probate matter, i.e., her claim involving her revocable trust. This Court having proper jurisdiction of *857 that claim, I concur in the analysis that the claim is barred by collateral estoppel.

. Yet, as the majority points out, it is unclear in Lepará whether the trusts in that case were testamentary.

. The Court, however, found that to the extent the plaintiff asked the federal courts to exercise general jurisdiction over the estate, the federal courts did not have jurisdiction. Id. at 45, 30 S.Ct. 10.