772 F.2d 908
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EUGENE STATHAS, PLAINTIFF-APPELLANT,
v.
KALIOPE STATHAS TREZOS, MAGDALINA STATHAS CLAOUDATOS, AND
SAPHO STATHAS, DEFENDANTS-APPELLEES.
 NO. 85-5065
 United States Court of Appeals, Sixth Circuit.
 8/23/85
 
 1
 E.D.Ky.
 
 AFFIRMED
 ORDER
 
 2
 BEFORE: JONES and WELLFORD, Circuit Judges; and HOGAN, Senior District Judge*.
 
 
 3
 Plaintiff appeals from the district court's sua sponte dismissal of his pro se complaint. Plaintiff now moves for appointment of counsel on appeal. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of plaintiff's brief and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 4
 Plaintiff filed this action against his two half-sisters and his stepmother asserting jurisdiction based on diversity, violations of the Fifth and Fourteenth Amendments, civil rights violations under 42 U.S.C. Sec. 1983, and unnamed treaties between the United States and Greece. Plaintiff claims his due process and civil rights have been and will be violated by probating his father's estate in California. He specifically alleged that certain property is outside of the estate because it was part of a 'constructive trust' established by plaintiff's mother, that defendant Kaliope Trezos delayed returning the body to Pennsylvania, thus requiring a closed casket funderal, Kaliope and her sister were depleting the estate, and the will should be probated in Pennsylvania. Plaintiff requested damages, stay of the California probate proceedings, an order that the will be probated in Pennsylvania, and posting of a security by defendants to protect the alleged trust property. The district court dismissed the complaint sua sponte for lack of subject matter jurisdiction. We affirm.
 
 
 5
 It is well settled that federal courts have no probate jurisdiction. Markham v. Allen, 326 U.S. 490, 494 (1946); Bedo v. McGuire, ---- F.2d ----, No. 84-3849 (6th Cir. July 16, 1985); Starr v. Rupp, 421 F.2d 999 (6th Cir. 1970). Diversity of citizenship does not confer jurisdiction of probate matters in the federal courts. See Starr v. Rupp, supra. Plaintiff's complaint clearly requests the federal court to interfere in an ongoing state probate proceeding.
 
 
 6
 Jurisdiction cannot be based on plaintiff's alleged civil rights violations. He has not alleged a deprivation of federal rights by persons acting under color of state law as required to establish jurisdiction under 42 U.S.C. Sec. 1983. See Bier v. Fleming, 717 F.2d 308 (6th Cir. 1983), cert. denied, ---- U.S. ----, 104 S.Ct. 1283 (1984). Similarly, he has not alleged action by federal officials to support an action under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), brought directly under the Fifth Amendment. See Hodges v. Metts, 676 F.2d 1133 (6th Cir. 1982).
 
 
 7
 Accordingly, it is ORDERED that the motion for appointment of counsel is denied and the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3).
 
 
 
 *
 The Honorable Timothy S. Hogan, Senior U.S. District Judge for the Southern District of Ohio, sitting by designation