Lee J. BORTZ, Plaintiff,

v.

Troy DeGOLYER, Defendant.

Nos. C–1–94–623, C–1–94–841.

United States District Court,
S.D. Ohio,
Western Division.

Nov. 7, 1995.

Daniel Joseph Hoffheimer, Taft, Stettinius & Hollister, Cincinnati, OH, for Lee J. Bortz in No. C–1–94–623.

John Wagner Eilers, Jr., Kepley MacConnell & Eyrich, Cincinnati, OH, for Troy DeGolyer in No. C–1–94–623.

John Wagner Eilers, Jr., Kepley MacConnell & Eyrich, Cincinnati, OH, Taylor Webb Jones, David N Lefkowitz, Jones Brennan & Eastwood, Atlanta, GA, for Troy DeGolyer, Carliss DeGolyer in No. C–1–94–841.

Edgar Clayton Scofield, Gleaton Scofield Egan & Jones, Atlanta, GA, Lee–Bortz Cincinnati, OH.

Michael H. Siegler, Cincinnati, OH, pro se.

Charles T. Lester, Jr., W. Scott Wright, Sutherland Asbill & Brennan, Atlanta, GA, for Michael H. Siegler.

### ORDER DISMISSING CASES FOR LACK OF SUBJECT MATTER JURISDICTION

SPIEGEL, Senior District Judge.

This matter is before the Court on Troy DeGolyer's Motion for a Preliminary Injunc-

tion (doc. 32), Lee Bortz's Memorandum in opposition (doc. 34), Michael Siegler's Memorandum in opposition (doc. 35), and an opposition memorandum of Lee Bortz as administrator of Rena Meyer's Estate (doc. 36).

On October 30, 1995, a status conference was held to discuss the issues raised by DeGolyer's Motion for Preliminary Injunction. Among the many issues discussed was whether the Court has subject matter jurisdiction over the motion. Further research by the Court has revealed that we have no subject matter jurisdiction over any of the claims in this action.

## BACKGROUND

The foregoing is an account of the highlights of the procedural history of the actions related to the Estate of Ms. Rena Meyers, Deceased. It is by no means complete and comprehensive. Ms. Meyers' Estate has been the subject of multiple legal actions. The case in this Court results from the consolidation of two suits in federal court—one here in the Southern District of Ohio and one in Georgia. The Estate has also been the subject of litigation in state court in both Ohio and Georgia. In addition to the ongoing trial proceedings, the Ohio Court of Appeals also has several issues related to this dispute pending under advisement.

Apparently, the actions at issue here began in January, 1990, when Mr. Bortz was granted power of attorney over Ms. Meyers' affairs after she suffered a stroke. Mr. Bortz and Judith Mead (Ms. Meyers' niece) cared for Ms. Meyers and handled her affairs until September, 1991. At that time, Troy DeGolyer (Ms. Meyers' nephew) moved Ms. Meyers from Ohio to his home in Georgia.

Ms. Mead sought and received a guardianship over Ms. Meyers' from the Hamilton County Court of Common Pleas. The Common Pleas Court also issued an injunction preventing Ms. Meyers' assets from being removed from Ohio. The Court determined that Ms. Meyers' had been removed from Ohio against her will. Meanwhile, in Georgia Mr. DeGolyer was appointed guardian over Ms. Meyers by a Georgia court. Mr. Siegler,

appointed *guardian ad litem* by the Ohio Court, filed a petition to modify the guardianship in the Georgia proceeding. These proceedings were still pending on appeal when Ms. Meyers' died on June 27, 1994.

Ms. Meyers' death did not diminish the parties' dispute, but instead exacerbated it. Ms. Meyers died testate having executed two conflicting wills. Both sides in this dispute sought to probate different wills in their respective states. Mr. Bortz filed an earlier dated Ohio Will. The beneficiaries include Ms. Mead, Mr. Bortz,[1] Mr. DeGolyer and numerous charities. In Georgia, Mr. DeGolyer filed a later dated Will which was executed after her move to Georgia. The Georgia Will makes Mr. DeGolyer the prime beneficiary of Ms. Meyers' $1.5 Million estate.

The Ohio court admitted the earlier Ohio executed Will and appointed Mr. Bortz the executor of the Will. The Georgia court appointed Mr. DeGolyer executor of the Will admitted in Georgia. Mr. Bortz sued in this Court seeking a Declaratory Judgment regarding the domicil of Ms. Meyers. Ms. Meyers' domicil, however, is also a threshold issue in both state probate proceedings.

Mr. DeGolyer filed an action against Mr. Bortz and Mr. Siegler in Georgia state Court seeking among other things damages and an accounting from them. The Georgia case was removed to federal court, transferred to the Southern District of Ohio and consolidated with this action. Mr. DeGolyer has also filed a will contest in the Ohio probate proceedings.

Both sides have accused the other of various types of improprieties in their dealings with Ms. Meyers and her assets. In the present motion, DeGolyer seeks an injunction enjoining the executor and the *guardian ad litem* from applying for, or receiving attorneys fees from Ms. Meyers' Estate. All that the parties have accomplished so far in federal court is further draining Ms. Meyers' Estate through increased legal fees.

## DISCUSSION

DeGolyer's present motion raises important questions regarding the reach of federal

---

1. The Court has been informed that Mr. Bortz disclaimed his interest under the Ohio Will.

court subject matter jurisdiction. Basically, the two sides seek the federal court's intervention in their dispute on the validity of the two wills. Apparently, neither side is satisfied with the justice that the other parties' state court is dispensing. However, this Court will not and cannot sit as a referee between two state courts.

■ The federal courts are courts of limited jurisdiction. Charles Alan Wright, *Law of Federal Courts* § 7, at 27 (5th ed. 1994). Federal courts are only empowered to hear cases that are within the judicial power as defined by the Constitution and which have been authorized by an act of Congress. *Bender v. Williamsport Area School District*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1985). Federal courts have a duty to see that the jurisdiction granted to the court by the Constitution is not exceeded. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908).

■ Jurisdiction in this case is based upon diversity of citizenship.[2] The United States Supreme Court has determined that federal courts do not have jurisdiction in some instances even though diversity of citizenship exists. Wright *supra*, § 25 at 159. The federal courts have no jurisdiction to probate a will or administer an estate. *Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296, 298, 90 L.Ed. 256 (1946). Not all claims that relate to probate matters, however, are excluded from federal court's jurisdiction.

> [F]ederal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court.

*Id.* (citations omitted). Federal courts will refuse jurisdiction if there has not been a final accounting or if it is decided that the federal action would interfere with property in the custody of another court and with the control of officers appointed by that court. Wright & Miller 13B *Federal Practice & Procedure* Jurisdiction § 3610 (2nd ed. 1984).

■ The determination whether a probate matter is within the exclusive jurisdiction of the state probate jurisdiction requires an inquiry into the nature of the claims asserted by the plaintiff. *Starr v. Rupp*, 421 F.2d 999, 1003 (6th Cir.1970). The parties here both present claims related to the administration of Ms. Meyers' Estate. Bortz filed his action in federal court seeking a declaratory judgment on the issue of Ms. Meyers' domicil at the time of her death. A declaration regarding Ms. Meyers' domicil allegedly would settle the dispute over which state has jurisdiction over her estate. DeGolyer filed a fourteen count complaint against Siegler and Bortz claiming among other things breach of fiduciary duty, malpractice, conversion, slander of title and seeking an accounting and declaration of rights. All of the claims against Bortz and Siegler relate to their conduct in handling Ms. Meyers' affairs and estate.

The claims can be broken down into two categories: 1) claims for damages for wrongful conduct in the administration and guardianship; 2) claims for declaration of legal status. In this situation, however, neither type of claim is properly in federal court. Both of the claims would require federal court interference with pending state court administration of Ms. Meyer's Estate.

## I. Wrongful Conduct Claims in Administration

■ Mr. DeGolyer seeks damages for a variety of allegedly improper conduct on the part of Mr. Bortz and Mr. Siegler both prior to and after Ms. Meyers' death. The main claim seems to be a claim of breach of fiduciary duty against Mr. Bortz in his role as attorney-in-fact and executor of Ms. Meyer's will in Ohio. It is clear that such an action is improper in federal court especially prior to any final accounting. The Sixth Circuit held

**2.** The Court previously issued an order finding that diversity does exist in this case. See Document 21.

that actions for breach of fiduciary duty on the part executor or administrator are within the exclusive jurisdiction of the Ohio probate court. *Bedo v. McGuire,* 767 F.2d 305, 306 (6th Cir.1985). The Sixth Circuit concluded that federal court proceedings on such a claim would amount to interference into the state probate proceeding. The determination of liability for a breach of duty requires a determination whether the administrator mishandled the estate. *Starr,* 421 F.2d at 1007. That determination is "a question for the Probate Court and not for a Federal Court to decide." *Id.*

The Sixth Circuit takes a broader view of the limit of federal jurisdiction than generally recognized. Most courts would allow jurisdiction over breach of fiduciary duty claims after the finalization of the estate proceedings. *See* Wright & Miller 13B *supra,* § 3610 ("Those suits [for fraud or mismanagement on part of executor] may be brought in federal court only if a final accounting has been held in the state probate court and the administrator has been released from further responsibility to that court."). Since no final accounting has been issued in Ms. Meyers' estate, no court would find that the court can properly exercise jurisdiction over DeGolyer's breach of duty claims.

■ DeGolyer also makes a variety of other claims against Mr. Siegler as *guardian ad litem* and Mr. Bortz as executor including abusive litigation, slander of tile, conversion and malpractice. The issue in all of these claims relates to their conduct as officers of the court under an order from the Ohio court. This Court sitting in judgment of the propriety of a probate court officer's actions would involve significant interference in those proceedings. This is exactly the type of involvement that the Supreme Court precludes by its conclusion that probate administration is outside of the federal courts' jurisdiction.

Furthermore, both Siegler and Bortz are acting under an Ohio court order regarding property controlled by that court. The federal court has no jurisdiction to "disturb or affect the possession of property in the custody of a state court...." *Markham,* 326 U.S. at 494, 66 S.Ct. at 298. "An administrator appointed by a state court is an officer of that court. His possession of the decedent's property is a possession taken in obedience to the order of that court. It is the possession of the court, and it is a possession which cannot be disturbed by any other court." *Byers v. McAuley,* 149 U.S. 608, 614, 13 S.Ct. 906, 908, 37 L.Ed. 867 (1893).

■ In addition, DeGolyer seeks an accounting from Siegler and Bortz of Ms. Meyers' funds which they control under "the illegal order of the Ohio court." This court has no power to order an accounting of an estate being probated. An accounting can only be had in the probate court having jurisdiction over the matter. *Waterman v. Canal–Louisiana Bank Co.,* 215 U.S. 33, 45, 30 S.Ct. 10, 13, 54 L.Ed. 80 (1909).

## II. Declaration Judgment Claims

■ Both complaints in this action seek a declaratory judgment from this Court. Both sides want this court to determine Ms. Meyers' domicil at her death in order to determine which state has proper jurisdiction over her estate. There are several reasons why this Court cannot exercise jurisdiction over such a claim. First, any such determination is a direct interference with the state probate proceedings in each of the states. Essentially, the parties want this Court to determine which state properly probated Ms. Meyers' Will by declaring which state has proper jurisdiction. Obviously, whether the Georgia or Ohio courts properly probated Ms. Meyers' distinct wills is purely a probate question beyond the scope of federal jurisdiction. If, as Mr. DeGolyer argues, he has a final order from the Georgia court regarding the subject of this declaratory judgment motion it should be presented to the Ohio courts for enforcement. The Court is confident that the state courts involved here will adhere to the Constitution's requirement of full faith and credit.

■ Secondly, even if the federal courts have jurisdiction over the claims the court would choose not to exercise that jurisdiction in this situation. The Declaratory Judgment Act creates discretionary jurisdiction for the federal courts. 28 U.S.C.

§ 2201.[3] " 'The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.' " *Allstate Insurance Co. v. Mercier,* 913 F.2d 273, 276 (6th Cir.1990) (quoting *Public Affairs Associates, Inc. v. Rickover,* 369 U.S. 111, 112, 82 S.Ct. 580, 582, 7 L.Ed.2d 604 (1962)). The United States Supreme Court has found that federal courts should refrain from issuing declaratory judgments when an action pending in state court addresses the same issues. *Brillhart v. Excess Insurance Co.,* 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942). "Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided." *Id.* at 495, 62 S.Ct. at 1175–76.

 The Sixth Circuit has identified two criteria and five factors for the court to consider in determining whether to exercise its discretion to refuse jurisdiction. *Mercier,* 913 F.2d at 277. There are two general principles or criteria for ascertaining whether a declaratory ruling is appropriate. *Id.* A declaratory judgment is favored "(1) when the judgment will serve a useful purpose in clarifying and settling the legal relationships in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.* (citations omitted). If neither of these goals can be accomplished, the court should decline to issue a declaratory judgment. *Id.*

A declaratory judgment in this situation would not promote either of the goals of a declaratory action. A judgment by this Court regarding Ms. Meyers' state of residence would not clarify the issues in her estate but instead it would further muddy the waters. Two state courts are already litigating this very issue. The Constitution already provides the parties a means to address this dilemma—the Full Faith and Credit Clause. Furthermore, an order by this court obviously cannot terminate the controversy. This Court's declaration is sought to give one side or the other an upper hand in the on-going probate administration.

Most of the factors to be considered also strongly suggest that federal declaratory action is inappropriate here. The first two factors mirror the principles discussed earlier. The fourth factor looks to see whether the declaratory action would increase friction between federal and state courts and improperly intrude upon state jurisdiction. Certainly, that is the case in this situation where the Supreme Court has already determined that probate jurisdiction is almost exclusively left to the states. The fifth factor looks to whether there is an alternative remedy which is better or more effective. Here, the parties' proper remedy is in the state probate proceedings where this same issue is already under consideration. State court is the correct forum for the resolution of an issue so essential to the administration of a will.

## CONCLUSION

Accordingly, the Court finds that there is no federal subject matter jurisdiction over the claims asserted by the parties to these cases. Consequently, the Court *sua sponte* DISMISSES these cases WITHOUT PREJUDICE.

SO ORDERED.

---

**3.** "In a case of actual controversy within it jurisdiction ... any court of the United States ... *may* declare the rights and other legal relationships of any interested party seeking such declarations...." (emphasis added).